ELIZA S. WILTSIE, Respondent, v. WILLIAM SHAW, Appellan..

S. died leaving personal property exceeding $50,000 in value over all indebtedness, and seized of certain real estate. By his will, after two legacies, amounting to $1,100, he gave to his executors, of whom plaintiff, who was a daughter of the testator, was one, $20,000, in trust, " to invest said sum in the best securities they can obtain," and to use the income for the benefit and maintenance of G., the testator's son, during his natural life, and upon his death to pay the principal to plaintiff or her heirs. The residue of his estate, real and personal, he gave to plaintiff. In an action to recover damages for breach of contract on the part of defendant to purchase the real estate, *held*, that the gift for the benefit of the son was not a lien or charge upon the real estate, but that it was the intention of the testator that the same should be provided for out of the personalty ; and therefore that there was no defect in plaintiff's title.

*Hoyt* v. *Hoyt* (85 N. Y. 142), *Harris* v. *Fly* (7 Paige, 421) and *Lypet* v. *Carter* (1 Ves. Sr. 500), distinguished.

(Argued June 25, 1885 ; decided October 13, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 6, 1882, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 29 Hun, 195.)

This action was brought to recover damages for an alleged breach, on the part of defendant, of a contract for the purchase by defendant, and sale by the plaintiff, of certain real estate.

The sole defense was that the land was subject to the lien of certain legacies imposed by the will of Hiram Smith, who died seized of the premises in March, 1881. Said Smith left no debts, and was the owner, at his decease, of personal property amounting to over $50,000. He left two children, the plaintiff and one George G. Smith. By his will he gave two legacies amounting to $1,100. Then he made the plaintiff executrix and another, executor of his will, and in the same clause gave to them the sum of $20,000 in trust " to invest said sum in the best securities they can obtain, and to use the clear income

thereof, in their discretion, for the benefit and maintenance of my son, George G. Smith, during his natural life, and at his decease to pay the principal thereof to " plaintiff " or the heirs of her body."

He then gave to plaintiff, the residue of his estate, real and personal. No money or property had been set apart to provide for the $20,000.

*Esek Cowen* for appellant. With the exception of the sum of $1,100, specific legacies, all the real and personal property of the testator was left to the plaintiff, and at the same time the duty was imposed upon her to pay out of this estate, to the only son of the testator, the income of the sum of $20,000. This was a charge upon the real estate so devised. (*Hoyt* v. *Hoyt*, 85 N. Y. 149; *Moore* v. *Beckwith*, 14 Ohio, 135; *Harris* v. *Fly*, 7 Paige, 425; *Lypet* v. *Carter*, 1 Ves. Sr. 500; *Myers* v. *Eddy*, 47 Barb. 271; *Reynolds* v. *Reynolds*, 16 N. Y. 259; *Herwell* v. *Whitaker*, 3 Russ. 343.) Where there is no provision for the payment of the debts and no devise of specified real estate, a devise of the " residue " of real and personal estate will make legacies previously given in the will a charge upon the realty. (*Shutters* v. *Johnson*, 38 Barb. 80, 83; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Kelling* v. *Brown*, 5 Ves. 359; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Tracy* v. *Tracy*, 15 Barb. 503; *Myers* v. *Eddy*, 47 id. 263; *Bevan* v. *Cooper*, 72 N. Y. 317; *Hoyt* v. *Hoyt*, 85 id. 149; *Greville* v. *Brown*, 7 H. of L. Cas. 689.)

*Henry A. Merritt* for respondent. The legacy was not a charge upon the real estate by virtue of the residuary clause in the will. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Myers* v. *Eddy*, 47 Barb. 263; *Babcock* v. *Stoddard*, 3 T. & C. 207; *Kineer* v. *Rogers*, 42 N. Y. 531; *Reynolds* v. *Reynolds*, 16 id. 257; *Spillane* v. *Duryea*, 51 How. 260; *Hoyt* v. *Hoyt*, 85 N. Y. 142.) Personal estate is the primary fund for the payment of debts and legacies, and if the testator does not specify who shall pay the legacies, or out of what fund they shall be

paid, the presumption is that he intended they should be paid out of his own personal estate only. (*Harris* v. *Fly*, 7 Paige, 421; *Hoes* v. *Van Hoesen*, 1 Comst. 120; *Kineer* v. *Rogers*, 42 N. Y. 531; *Taylor* v. *Dodd*, 58 id. 335; *Bevan* v. *Cooper*, 72 id. 317; *Hebron Soc.* v. *Schoen*, 60 How. 185.) The legacy for the benefit of George G. Smith in the will was not a charge upon the real estate by reason of the plaintiff having been appointed executrix. (*Reynolds* v. *Reynolds*, 16 N. Y. 257; *Herwell* v. *Whitaker*, 3 Russ. Ch. 343; *Doe* v. *Pratt*, 6 Ad. & El. 180; *Clark* v. *Sparhawk*, 2 Vern. Ch. 228; *Dover* v. *Gregory*, 10 Sim. Ch. 393; *Bailey* v. *Bailey*, L. R., 12 Ch. Div. 268.) Conceding that real estate devised to an executor is charged with the payment of debts and legacies when the executors are directed to pay the same, yet the real estate is not charged with the payment of debts and legacies where there is more than one executor and only one is the devisee. (*Warren* v. *Davies*, 2 Mylne & Keen's Ch. 49; 3 Jarman on Wills [5th ed.], 419.) The testator having left sufficient personal property to pay all the legacies mentioned in the will, the real estate would not become charged even if the personal estate was wasted by the executors. (*Hebron Soc.* v. *Schoen*, 60 How. 185; *Richardson* v. *Morton*, Eng. L. R., 13 Eq. Div. 123.)

DANFORTH, J. In view of the conflicting opinions of the learned judges of the supreme court, it is apparent that reasonable doubts can be entertained upon the point raised by this appeal, but it appears to us, upon principle and authority, that the legacy in question is not a charge upon any part of the estate in any such sense as will make it a lien upon the land in the hands of the purchaser. It is possible to imagine contingencies which would require for its payment a portion of the personalty, or a portion of the realty, or both. The estate may be so diminished that either species of property would alone be insufficient, and the beneficiary be so unmindful of his own interest, or incapable of attending to it, as to omit all measures to enforce the trust before that event happened. But these things are not to be presumed, and nothing

of the kind appears. On the contrary, the personal property in the hands of the executrix exceeds $50,000 over and above all debts, and there is no claim that she is lacking either in pecuniary responsibility or in honesty. If, indeed, the legacy is a lien or charge upon the land, it attached at the death of the testator, and its creation must be gathered from the words of his will, or found in some provision of law. The last is not pretended, nor are there express words of the testator to that effect.

It is not controverted that in the absence of directions by the testator, or some manifest intent on his part, the general rule requires that legacies shall be paid out of personal estate, but the appellant's contention is first, that the provision in question is not a legacy within the ordinary meaning of the term, but rather a charge upon the estate left to the plaintiff, his other child. This proposition assumes the point in dispute, and we find nothing in the will to justify it. It is clearly not sufficient that the legacy is directed to be paid. The cases all involve something more — a direction that it be " first or previously paid," or the residuary devise is " after its payment," or is to a person with directions to pay, or is of all "not herein otherwise disposed of."

In *Hoyt* v. *Hoyt*, 85 N. Y. 142, cited by the appellant, importance was attached to the presumption that a testator would not desire one of his beneficiaries to enjoy, and the other be deprived of his prescribed bounty, and the residuary clause was construed as embracing only so much of the estate as should remain after the legacies in controversy had been satisfied, and from these considerations, and some others which have no application here, the intention of the testator was discovered and held to be that the legacies should be paid at all events, and that all parts of his estate should be liable for the payment.

But here we are not left to presumption. The testator of course intended the legacy should be paid, and having in mind his estate, its nature, its amount, and those persons who might naturally expect gifts from him, declared, first, that his

grandson should have $1,000; second, the trustees of the cemetery $100, in trust, for the preservation of his lot therein; third, "I give," he says, "to my executors the sum of $20,000, in trust, for the purposes following: they to invest said sum in the best securities they can obtain, to use the clear income thereof in their discretion, for the benefit and maintenance of my son George, during his natural life." He thus takes out of his personalty $20,000. It is this which they are to invest, and the income from such investment is the legacy in question. There is no direction to sell real estate; no mingling of the two species of property is called for; one only is pointed out. The appellant's contention requires the discovery of an intent the reverse of that fairly implied in these words — an intent to secure the income by the whole of the estate rather than by this specific and designated part; an intent to bind not only the part selected from the personalty, but the whole of that and the realty also. Such a construction would seem to exclude the evident purpose of the testator. But the appellant relies upon the clause by which is given to the plaintiff, the testator's daughter and one of the executors, the residue of his "estate, real and personal," as indicating the intention of the testator to charge the real estate. In view of the character of the testator's property, his freedom from debt and the limited sum of legacies, he must have known that after providing for them according to his directions there would remain more than an equal amount of personal property and all his land, and that the remainder of one and all the other would constitute the residue of his estate. He could not have supposed there would be a mere fragment of each.

I have examined the cases cited by the learned counsel for the appellant. I find none which, under the circumstances of this case, furnishes a rule favorable to the appellant's contention. In *Harris* v. *Fly* (7 Paige, 421), the personal estate of the testator was insufficient to pay his legacies, and the devisee of the land was, by the terms of the devise, directed to pay them. Substantially the same facts appear in the cases cited

by the chancellor in his opinion, and among others, in that of *Lypet* v. *Carter* (1 Ves. Sr. 500), to which our attention is also directed by the appellant, and upon those the rule was formulated that where real estate is devised upon condition to pay a legacy, or with direction to the devisee to pay the legacy in respect to the estate so devised to him, and " because that real estate has been thus devised, it is in equity charged with the payment of the legacy, unless there is something in the will to rebut the legal presumption, or from which it can be inferred that the testator intended to exempt the estate devised from that charge." In the case at bar there is more than sufficient personal property ; there is no conditional devise nor expectation even expressed that the devisee as such shall make any payment, nor as executor, except from the personalty.

The reasoning as well as the judgment in *Myers* v. *Eddy* (47 Barb. 271), and *Reynolds* v. *Reynolds* (16 N. Y. 259), seem to be with the respondent. It is not necessary to refer to others. For the whole question is one of intent, to be searched for in the light of adjudged cases indeed, but to be determined after all upon the language of the will and the circumstances surrounding the testator, and from neither source can we deduce any thing which will permit us to imply a purpose on his part to make the legacy a charge upon the land.

No other point is raised. It follows that the decision of the General Term was right. It should, therefore, be affirmed, and the respondent, in pursuance of the stipulation, have judgment absolute against the appellant.

All concur, except ANDREWS, J., absent.

Order affirmed and judgment accordingly.