ROWLAND BRILL, as Executor, etc., Respondent, *v.* WILLIAM H. WRIGHT, as Executor, etc., et al., Appellants.

Where general legacies are given in a will, followed by a residuary clause in the usual form and nothing more, the language of the will alone, unaided by extrinsic evidence, is insufficient to charge the legacies upon lands included in the residuary devise.

*It seems* that such gifts are not inconsistent with an intention on the part of the testator to charge the legacies on the lands, and extrinsic circumstances may be considered for the purpose of ascertaining the actual intention of the testator.

The burden, however, of establishing that a legacy is a charge on real estate is upon the legatee, where the language of the will does not affirmatively show that such was the intention of the testator.

The will of B., after directing the payment of all his debts, gave a legacy of $2,000 to B., a nephew of the testator, to be paid within three months after the testator's death. Then followed a residuary clause giving all the rest and residue of the testator's real and personal estate to J. and M., each one-half. The will contained no other testamentary provisions. The testator's debts amounted to $114.11 and his personal property to $3,553.36, and except for the expenses of a contest on the probate of the

will and in subsequent proceedings on an accounting, the personal estate would have been sufficient to pay the debts, expenses and legacy. The testator left no widow or direct descendants. The residuary legatees were strangers to him in blood, but had been members of his family since they were children, one for twenty-five years and the other for twenty. There was no proof of the condition of the testator's property when the will was made four years before his death. *Held,* that the $2,000 legacy was not chargeable upon the testator's real estate.

(Argued December 12, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to compel the payment of a legacy of $2,000 given under the will of Job Seaman, deceased, to Job S. Benjamin, plaintiff's testator, and in the event of the personal estate being insufficient to have the deficiency charged upon the real estate of which said Seaman died seized and so much thereof sold as should be necessary to pay such deficiency.

The provisions of the will and the facts, so far as material, are set forth in the opinion.

*C. B. Herrick* for appellants. Legacies are primarily payable out of personal property and must abate if the personalty is insufficient, unless they are, by express terms, or by clearly manifest intention, made a charge upon the real estate. ( *Wiltsie* v. *Shaw,* 100 N. Y. 191.) The first provision of the will in regard to payment of debts did not have the effect of mingling the personal and real property. (*City of Rochester* v. *Smith,* 17 N. Y. State Rep. 146.) The fact that this will contains no power of sale of the realty is one of the strongest evidences that there was no intent to create a charge. (*Taylor* v. *Dodd,* 58 N. Y. 335; *Kalbfleisch* v. *Kalbfleisch,* 67 id. 354; *Le Fevre* v. *Toole,* 84 id. 95; *Hoyt* v. *Hoyt,* 85 id. 142; *Phillips* v. *Davies,* 92 id. 199, 209.) Unaided and alone the usual clause

devising and bequeathing " all the rest and residue of the real and personal estate " is not sufficient to show an intention to charge the real estate with any part of general legacies. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Myers* v. *Eddy*, 47 Barb. 263; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Babcock* v. *Stoddard*, 3 T. & C. 207; *Spillane* v. *Duryea*, 51 How. Pr. 260; *Wiltsie* v. *Shaw*, 100 N. Y. 191; *Bevan* v. *Cooper*, 72 id. 317; *Hoyt* v. *Hoyt*, 85 id. 142, 149; *Scott* v. *Stebbins*, 91 id. 605; *Defreest* v. *Defreest*, 19 Week. Dig. 96; *Cornue* v. *Webb*, 21 id. 309; *Schnorr* v. *Schroeder*, 45 Hun, 148.) If the testator gives a legacy without specifying who shall pay it, or out of what fund it shall be paid, the legal presumption is that he intended it should be paid out of the personal estate only, and if that is not sufficient the legacy fails. (*Harris* v. *Fly*, 7 Paige, 421; *Myers* v. *Eddy*, 47 Barb. 263, 271; *City of Rochester* v. *Smith*, 17 N. Y. State Rep. 146.) While surrounding circumstances may be properly considered in determining the meaning of the language used by the testator, none existed here which afford any clear evidence of an intent to charge. (*Scott* v. *Stebbins*, 91 N. Y. 612, 613.) Great insufficiency of personalty to pay legacies caused by prior specific legacies, or which it appeared the testator must have known, has been a controlling circumstance in several cases, but held of slight significance unless the testator's knowledge appeared. (*McCorn* v. *McCorn*, 100 N. Y. 511; *Schnorr* v. *Schroeder*, 45 Hun, 148; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Bevan* v. *Cooper*, 72 id. 317.) Even if the executor has mismanaged the estate, and thereby caused the deficiency, the legacy cannot so be made a charge on the real estate. (*Hebron Soc.* v. *Schoen*, 60 How. Pr. 185; *Wiltsie* v. *Shaw*, 100 N. Y. 191.)

*O. D. M. Baker*, for respondent. While the will operates as of the time of the testator's death, his intent must be determined by the circumstances existing at the date of its execution. (*Wetmore* v. *Parker*, 52 N. Y. 450, 463, 464.) The words " after all my lawful debts are paid and discharged, I give and bequeath to Job S. Benjamin the sum of

two thousand dollars, to be paid to him within three months after my decease," create a charge upon the real estate. (*White* v. *Kane*, 19 J. & S. 298; *In re Fox*, 52 N. Y. 530, 536.) The gift to the Cronks, besides being after and secondary to the payment of this legacy, was in express terms limited to be of " the rest and residue of all my real and personal estate," and charged the prior legacy upon the real estate. (*Lupton* v. *Lupton*, 2 Johns. Ch. 623; *Harris* v. *Fly*, 7 Paige, 421; *Tracy* v. *Tracy*, 15 Barb. 503; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Schulters* v. *Johnson*, 38 Barb. 80; *German Church* v. *Wachter*, 42 id. 43; *Myers* v. *Eddy*, 47 Barb. 263, 274; *Babcock* v. *Stoddard*, 3 T. & C. 207; *Ragan* v. *Allen*, 7 Hun, 537; *Spillane* v. *Duryea*, 51 How. 260; *Bevan* v. *Cooper*, 72 N. Y. 317; *Forster* v. *Civill*, 20 Hun, 283; *Hall* v. *Thompson*, 23 id. 334; *Lefever* v. *Toole*, 84 N. Y. 95; *Hoyt* v. *Hoyt*, 85 id. 142; *McCorn* v. *McCorn*, 30 Hun, 171; 100 N. Y. 511; *Scott* v. *Stebbins*, 91 id. 606; *Defreest* v. *Defreest*, 19 W. Dig. 96; *Cornue* v. *Webb*, 21 id. 309; *Wiltsie* v. *Shaw*, 100 N. Y. 193; *Kinnier* v. *Rogers*, 42 id. 531.) The law favors the construction which will not disinherit the heir. (*Scott* v. *Guernsey*, 48 N. Y. 107, 121; *In re Brown*, 93 id. 295, 299; *Scott* v. *Stebbins*, 91 id. 612, 613; *Kerr* v. *Dougherty*, 79 id. 348, 349.) It is only where there is a conflict between the printed and written provisions of an instrument, that any distinction is made between the two kinds of composition. (*Hill* v. *Miller*, 76 N. Y. 32.) If it be assumed that the personal estate at any time was sufficient to pay the legacy in full, its subsequent diminution does not aid defendants. (*Wiltsie* v. *Shaw*, 100 N. Y. 193.) The legatee being an heir, and cited to attend the probate, he had a right to contest without liability, except so far as the probate court might impose costs. (Code, § 2561; *Palmer* v. *Foley*, 71 N. Y. 106, 109.) The executor had an implied power to sell the real estate to pay the debts and legacy charged upon it. (Story's Eq. Jur. § 1064 b, note 3; Williams on Executors, 656; *Coogan* v. *Ockershausen*, 23 J. & S. 256.)

ANDREWS, J.   Where in a will general legacies are given, followed by a gift of all the rest and residue of the real and personal property of the testator, by a residuary clause in the usual form and nothing more, it must now, we think, be regarded as the established rule in this state that the language of the will alone, unaided by extrinsic circumstances, is insufficient to charge the legacies upon lands included in the residuary devise.   This was clearly the opinion of Chancellor KENT in the leading case of *Lupton* v. *Lupton* (2 Johns. Ch. 614), as appears by his comment on the case of *Brudenell* v. *Boughton* (2 Atk. 268), although his judgment in that case rested in part upon the circumstance that in the will then under consideration, there was a prior devise which easily permitted an interpretation, "*reddendo singula singulis*," of the residuary clause.   In *Hoyt* v. *Hoyt* (85 N. Y. 142), FOLGER, Ch. J., referring to *Lupton* v. *Lupton* and other cases, justly stated that they asserted the doctrine that "unaided and alone, the words that make up the usual residuary clause of a will are not enough to evince an intention in the testator to charge a general legacy upon real estate," but the question was not passed upon in that case.   The courts, however, have held that a gift of general legacies, followed by a general residuary clause, is not inconsistent with an intention on the part of a testator to charge the legacies on the land.   They have, therefore, permitted extrinsic circumstances to be considered for the purpose of ascertaining the actual intention of the testator and in some cases by reading the language of the will in the light of the circumstances, have inferred an intention to charge legacies on the land and given effect to such intention, although the language considered, independently of the circumstances, would not alone justify such an inference.

The cases of *Wiltsie* v. *Shaw* (100 N. Y. 191), and *McCorn* v. *McCorn* (id. 511), illustrate very clearly the attitude of this court upon the subject.   Both were cases substantially of wills giving general legacies, followed by the usual residuary clause.   In each the question was whether the legacies were charged on the land.   In *Wiltsie* v. *Shaw* it

appeared that the testator left a large personal estate, ample
for the payment of debts and legacies, and no other circum-
stance appearing, it was held that a legacy given by the testator
in his will, in trust for a son, was not a charge on the lands,
which passed to the testator's daughter under the residuary
clause. In *McCorn* v. *McCorn* the legatees were the wife and
son of the testator, and the gift of the legacies was followed by
the usual residuary clause, under which all the testator's real
estate passed to four other children. It appeared that the
will was made the day before the testator's death, and that
his personal estate was insufficient to pay his funeral expenses.
The legacies to the testator's wife and son were mere pre-
tenses, "unless meant to be a charge on the real estate."
Under these circumstances the court held that the legacies
were intended to be charged on the realty, and sustained the
claim of the legatees.

We think the cases in this state establish these two propo-
sitions : *First*. That general language in a will, giving
legacies, followed by the usual residuary clause, is alone
insufficient to charge the legacies on the realty ; and, *second*,
that such language will justify such charge if it is made to
appear by extrinsic circumstances, such as may under the
rules of law be resorted to, to aid in the interpretation of
written instruments, that it was the testator's intention that
the legacies should be charged on the land. The rule in
England, and in some of the states in this country, and in the
United States Supreme Court, is different from the rule in
this state. The cases are cited in *Hoyt* v. *Hoyt* (*supra*).
In *Greville* v. *Browne*, (7 H. L. Cas. 689), it was regarded
as having been long settled in England that where legacies
are given generally, and the rest and residue of the real and
personal estate is afterwards given in one mass, the legacies
are a charge on the residuary real as well as the personal
estate. But some of the judges were of the opinion that if
the question was *res nova*, the natural construction of the
language would lead to the opposite conclusion.

Under the rule in this state we think the legacy of $2,000,

given by the will of Job Seaman to his nephew Job S. Benjamin, was not charged on the real estate which passed under the residuary clause to James O. Cronk and Matilda Cronk. The will is very simple, and is partly printed and partly written. After the usual introductory clause the will proceeds as follows: "First, after all my lawful debts are paid and discharged, I give and bequeath to Job S. Benjamin the sum of two thousand dollars, to be paid to him within three months after my decease. Secondly, I give and bequeath all the rest and residue of all my real and personal estate, of whatsoever name or nature, to James O. Cronk and Matilda Cronk, to each the one-half part thereof. Likewise I make, constitute and appoint William H. Wright" executor, etc. It is claimed that the words in the first clause, viz.: "After all my lawful debts are paid and discharged, I give," etc. (which were printed), indicate an intention to constitute the whole estate, real and personal, a fund for the payment in the first instance of the debt and legacy. The direction as to the payment of debts was formal and conventional merely. The law charges the debts of a decedent upon his real estate, if the personal estate is insufficient to pay them. The debts owing to the testator amounted only to $114.11, and his personal property was appraised at $2,643.07, and produced $3,553.36. Similar language was in the will considered in the case *In re Rochester* (110 N. Y. 159), and was held insufficient to create a charge on the realty. The extrinsic circumstances do not tend to show an intention, on the part of the testator, to charge the legacy on his real estate. Except for the expenses allowed against the estate, growing out of a contest on the probate of the will, instituted by the legatee and a niece of the testator, and in subsequent proceedings on an accounting by the executor, the personal estate left by the testator would have been ample to have paid the legacy and the ordinary expenses of administration. The legatee was of kindred to the testator, and the residuary devisees and legatees were strangers in blood. But they became members of his family when they were children, and lived with him until his death, one for the period of twenty,

and the other for twenty-five years. The testator's wife was infirm and crippled, and died a short time before the testator, and they had no children or direct descendants living. We perceive no circumstance which takes the case out of the general rule. The condition of the testator's property when the will was made in 1879, four years before his death, is not shown. He was a small farmer and it is quite probable that his circumstances had not materially changed during that time. It may be assumed that the testator intended that the legacy to his nephew should be paid. But there is no presumption that when the will was made his personal estate was not adequate for that purpose. If it was not, and the fact was material, the burden of establishing it was upon the legatee, who in this proceeding is seeking to charge the real estate in a case where the language of the will does not affirmatively show that this was the intention of the testator. It is quite significant of his actual intention that he directs the legacy to be paid within three months after his death and gives no power of sale to his executor.

We think the judgments below should be reversed and a new trial granted, with costs to the executor, appellant, in all courts against the respondent, but without costs to the other defendants.

All concur.

Judgment reversed.