Turner *v.* Gibb.

---

RICHARD H. TURNER, executor &c.,

*v.*

ALEXANDER GIBB et al.

1. The blending of the residue of the real and personal estate in the residuary clause of a will after pecuniary legacies, implies an intention on the part of testator to charge the legacies on such real estate, if the personal estate is not sufficient, and this implication will prevail unless such construction is restrained or avoided by other words or provisions in the will.

2. The rule obtains whether interests in lands have already been given by the will or not.

3. That testator must have known the personal property to be insufficient is a circumstance to be considered in ascertaining his intention to charge legacies on land, but is not enough alone to effect such charge.

Turner *v.* Gibb.

4. The facts that the legatees are of the blood of the testator, and that no other provision is made for them, are also indicative of an intention to charge their legacies on land not specifically devised, when the personal estate is insufficient.

On bill and answer.

*Mr. Joseph Thompson,* for the complainant.

*Mr. August Stephany,* for the defendant Alexander Gibb.

GREEN, V. C.

Jeanette Carr, late of Atlantic City, in this state, died in February, 1887, leaving a last will and testament dated November, A. D. 1882, substantially as follows:

"*Item First.* I order and direct that all my just debts and funeral expenses be fully paid and satisfied, as soon as conveniently may be after my decease, out of the personal property and real estate mentioned in the second item of this my will.

"*Item Second.* I give, devise and bequeath unto my son Robert B. Gibb my house and lot on the southwest corner of Race and Utah streets, being No. 714 Race street, in the city of Philadelphia and State of Pennsylvania, together with all the furniture, fixtures and stock of liquors therein, to him and his heirs forever, subject and charged, however, with the payment of my just debts and funeral expenses."

Item third is a devise to her granddaughter Hannah Carr Gibb, daughter of her son Alexander Gibb, of two tracts of land situate in Egg Harbor township, Atlantic county, in this state, describing them so that they can be readily identified.

The fourth and fifth items contain general pecuniary legacies to her grandchildren, by name, amounting in the aggregate to $2,020.

Item sixth is as follows:

" I give, devise and bequeath unto my son Alexander Gibb all the rest and residue of my estate, real, personal and mixed, whatsoever and wheresoever situated, during the term of his natural life, and after his death I give, devise and bequeath the same to my granddaughter Hannah Carr Gibb, daughter of my son Alexander Gibb, to her and her heirs and assigns forever."

The will was admitted to probate March 14th, 1887, by the surrogate of the county of Atlantic in this state, and letters testamentary were issued thereon to Richard H. Turner and Harry L. Slape, the executors named therein, who took upon themselves the execution of the said will.

Harry L. Slape, one of the executors, died in May, 1887, leaving the complainant in this suit, the surviving executor.

The personal estate, as it appears by the inventory filed by the executors, amounts to the sum of $1,057.47.

The testatrix, in addition to the real estate devised by the second and third clauses of her will, died seized of four other tracts of land and real estate in Atlantic county, which are described in the bill, and which were not in anywise devised by the testatrix except by the sixth item of her will. These tracts were conveyed to testatrix as follows: First, by Hannah Beebe and husband, October 26th, 1881; second, by George Lewis and wife, October 18th, 1882; third, by James W. Moore and wife, January 25th, 1884, and, fourth, by Ezra Johnson and wife, January 17th, 1885, as appears by the admission of counsel on file.

This bill is filed by the surviving executor seeking to charge the payment of the general pecuniary legacies given to the grandchildren upon the real estate devised by the residuary clause, in consequence of the deficiency of personal estate to meet the same.

This will was made in 1882 and the testatrix died in 1887. The parties have not availed themselves of the privilege of showing by parol evidence the nature, situation and amounts of testatrix's property at the time of making the will, as they were entitled to do (*Leigh* v. *Savidge, 1 McCart. 124; Johnson* v. *Poulson, 5 Stew. Eq. 390*), but both sides have contented themselves with the result as fixed by the inventory filed by the executors.

The complainant claims that the payment of these legacies is charged upon the real estate not devised other than by the sixth item, by invoking the rule stated in *Hawkins on Wills 294*—

"If legacies are given generally and the residue of the real and personal estate is afterwards given in one mass, legacies are a charge on the residuary real as well as the personal estate."

Any question as to the rule which may have existed in this state must be considered as set at rest by the decision of the court of errors and appeals in the case of *Corwine* v. *Corwine, 9 C. E. Gr. 579*, as explained in *Johnson* v. *Poulson, 5 Stew. Eq. 390*, the result of which may be thus stated, viz., when pecuniary legacies are first given, and afterwards the residue of the estate, real and personal, if the personal estate is insufficient therefor, the intention of the testatrix to have the legacies payable out of the real estate, appears by necessary implication from the words "residue" or "remainder," when applied to the two kinds of property combined, unless there are other words, or provisions in the will, which are inconsistent with the existence of such intention on the part of the testatrix. In other words, that such inference arises from the use of these words under such circumstances, and will be given that effect unless such construction is restrained or avoided by other words or provisions in the will. *Stevens* v. *Flower, 1 Dick. Ch. Rep. 340; Merritt* v. *Merritt, 3 Dick. Ch. Rep. 1.* This is practically the English rule as stated in *Hawkins, supra,* and declared in the case of *Greville* v. *Browne, 7 H. L. Cas. 689.* Most of the English authorities were cited in the case of *Corwine* v. *Corwine, supra.* The principle has also been enforced in *Gyett* v. *Williams, 2 Johns. & H. 429; Carroll* v. *Hargrave, 5 Ir. R. Eq. 123; Gainsford* v. *Dunn, L. R. (17 Eq. Cas.) 405; Brooke* v. *Rooke, L. R. (3 Ch. Div.) 630; In re Bellis's Trusts, L. R. (5 Ch. Div.) 504; Bray* v. *Stevens, L. R. (12 Ch. Div.) 162; Elliott* v. *Dearsley, L. R. (16 Ch. Div.) 322; Hays* v. *Jackson, 6 Mass. 149; Wilcox* v. *Wilcox, 13 Allen 252; Gallagher's Appeal, 48 Pa. St. 122; Robinson* v. *McIver, 63 N. C. 649.* The rule obtains whether interests in lands have already been given by the will or not. *Bench* v. *Biles, 4 Madd. 187; Francis* v. *Clemow, Kay 435; Wheeler* v. *Howell, 3 Kay & J. 198; Miller* v. *Sandford, 4 Stew. Eq. 427; Lewis* v. *Darling, 16 How. (U. S.) 1; Hassanclever* v. *Tucker, 2 Binn. 525; Moore* v. *Beckwith, 14 Ohio St. 135.*

The courts of New York do not follow the English decisions, and infer an intent to charge legacies on real estate, from a blend-

ing of the real and personal property in a residuary clause as the rest and residue of testator's estate, but only give it such effect, if it is made to appear by extrinsic circumstances, such as may, under the rules of law, be resorted to in the interpretation of written instruments, that it was the testator's intention that the legacies should be charged on the land. *Brill* v. *Wright, 112 N. Y. 129; Hoyt* v. *Hoyt, 85 N. Y. 142; Scott* v. *Stebbins, 91 N. Y. 605; Wiltsie* v. *Shaw, 100 N. Y. 191; McCorn* v. *McCorn, 100 N. Y. 511; In re Rochester, 110 N. Y. 159.*

The fact that the testator must have known that the personal estate was not sufficient to pay all the legacies is to be considered in ascertaining his intention to charge them on the lands, and raises a strong presumption that such was his purpose.

It is said in the case of *Hoyt* v. *Hoyt, 85 N. Y. 142:* "It is assumed that no man in making a final disposition of his estate will make a legacy save with the honest, sober-minded intention that it shall be paid. Hence, when, from the provisions of a will, prior to the gift of legacies, it is seen that the testatrix must have known that she had, already, so far disposed of her personal estate, as that there would not be enough to pay the legacies, it is reasoned that the bare fact of giving a legacy indicates that it shall be made from the real estate." And V. C. Bacon, in *Bray* v. *Stevens, L. R. (12 Ch. Div.) 162,* says: "I cannot impute to the testator such an absurdity, such a mockery, as to these legatees, as to give them legacies when he knew his personal estate had no means of satisfying them." But in *Johnson* v. *Poulson, 5 Stew. Eq. 390,* Dodd, J., (at *p. 395*) says: "Such, however, is the presumption against a charge, unless distinctly imposed, that though the insufficiency of the personal estate to pay legacies, when so made to appear, creates a strong impression in favor of an intention to charge them, yet, standing alone, it is not enough as against heirs to effect such a charge."

The legatees are grandchildren of the testatrix. The fact that the beneficiary is not a stranger, but of the testatrix' blood, and that the legacy is the only provision made for him, is entitled to great weight in ascertaining the intention, and also raises a presumption in favor of a charge on the real estate if the personal

Turner *v.* Gibb.

·is insufficient. *Hoyt* v. *Hoyt, 85 N. Y. 142–148 ; Van Winkle* v. *Van Houten, 2 Gr. Ch. 189.*

It is worthy of consideration in this case that four of the tracts of land not specifically devised, the testatrix acquired sub·sequent to the date of the will. At common law they would ·not have passed under it. The residuary clause of this will is ·sufficient to carry them under the statute. *Rev. 1248 § 24 ; ·Gardner* v. *Gardner, 10 Stew. Eq. 487.* They probably repre·sent personal estate owned by the testatrix when the will was made. As a general rule, the will speaks from the death of the ·testator, but in ascertaining his intention, the court can put ·themselves in his place, and consider the circumstances surrounding the making of the will. It is, for reasons before stated, to ·be assumed that the testatrix, at the time the will was made, ·owned property sufficient, in quantity and kind, to meet the provisions of her will. If she afterwards converted the personal ·estate, from which the legacies would be primarily payable, into real estate, and made no change in her will, it is a fair inference ·that she intended the real estate, which she owned at her death, ·and which represented *pro tanto* the personal estate she owned at the date of the will, to respond for any deficiency of personal ·estate to meet her gifts. If not, the subsequently required real ·estate will go to the residuary legatee, not by specific devise, indicating the testatrix so intended, but by force of the statute, ·and the other grandchildren will not receive their legacies in full.

Taking the whole will, the disposition of her property is, she provides for the payment of her debts and funeral expenses by ·charging them upon Philadelphia property, the residue of which ·she gives to her son Robert ; she then makes provision for her ·granddaughter Hannah, who would seem to be her favorite, by ·devising to her two tracts of land without charge or limitation ; then she gives pecuniary legacies to nine of her other grandchildren, which amount to $2,020, and then she says : " The rest ·and residue of my estate, real, personal and mixed, I give to my ·son for his natural life, and after his death to my granddaughter .Hannah."

In consequence of subsequent purchases of real estate, these legacies amounting to $2,020 to her own blood relatives, her grandchildren, have no means of payment in full unless resort is had in part to the real estate covered by this residuary clause.

I am of opinion, not only that the other words or provisions of the will are not inconsistent with the existence of an intention on the part of the testatrix, as is assumed by the rule relied on, but that the circumstances, proper to be considered, strengthen the presumption the law raises from the provisions of the will, in connection with the residuary clause, that it was the intention of the testatrix that the legacies to the grandchildren should be paid out of the real estate devised by the said clause, in case there was a deficiency of personal property to fully meet their payment, and that a decree should be made for the sale of so much of the real estate, not devised, other than by the sixth item, as may be necessary to pay the deficiency of the pecuniary legacies arising from the insufficiency of the personal estate to discharge the same, and I will advise accordingly.