(38 Misc. Rep. 493.)

DAVIDSON v. RIGHTMYER et al.

(Supreme Court, Special Term, Madison County.   May 12, 1902.)

1. LEGACY—CHARGE ON REAL ESTATE.

   A legacy of $500 is not a charge on the real estate, not being so in terms, but being merely directed to be paid out of the estate, there being nothing in the devise or in the residuary clause to indicate such charge, the real estate being owned by testatrix at the execution of the will, and though worth only $3,000, being subject to a mortgage of $2,000, and testatrix being then the owner of more than $1,000 worth of personalty.

2. EVIDENCE—WEIGHT AND SUFFICIENCY.

   The verity of alleged declarations of testatrix to a relative that she had no personal property is defeated by testimony of witnesses, giving the character and description of property, that she was the owner of more than $1,000 worth of such property.

Action by William J. Davidson against Dennison Rightmyer, individually and as executor, impleaded, and others.   Complaint dismissed.

Charles J. Palmer, for plaintiff.
Joseph Beal, for defendant Rightmyer.

FORBES, J.   This is an action in equity for the construction of the last will and testament of Louisa Rightmyer, deceased.   A legacy of $500 is bequeathed to the plaintiff, and is directed to be paid out of the testatrix's estate.   The plaintiff is the brother of the testatrix. The will does not, in terms, make the bequest a charge upon the real estate.   The testatrix's husband, Dennison Rightmyer, is made the executor of said will, and is the residuary legatee and the devisee of said real estate.   This action was commenced for the purpose of making the bequest to the plaintiff a charge and a lien upon said real estate, which consists of a certain hotel and the outbuildings, situate at Munnsville in this county.   The defendant Rightmyer, together with his wife, had kept and run said hotel for many years.   The title stood in the name of the wife, she having taken the deed thereof in fee simple on the 20th day of April, 1886.   Her last will and testament bears date May 1, 1886.   The testatrix died in August, 1898, leaving the defendant Rightmyer her surviving.   She left no children.   The consideration in said deed is stated at $3,000.   Upon receiving said conveyance, the testatrix executed to the Oneida Savings Bank, of Oneida, N. Y., a bond and a mortgage in the sum of $2,000.   This mortgage remains unpaid, except the interest thereon.   Under ordinary circumstances, before a legacy can be made a charge upon real estate, it must be so expressed in the will itself, or its peculiar form must be of such a character as to show that it was the intention of the testator to make the legacy a charge.   The circumstances, the situation of the parties, the condition of the estate, the relations of the parties to each other, and many other facts, may be shown upon the trial of an action of this character, for the purpose of disclosing the intention of the testator, at the time the will was executed, to make the

77 N.Y.S.—62

legacy a charge upon the real estate devised thereunder. It will be seen that the testatrix lived more than 12 years after the execution of her will, and that the same was thereafter in no manner changed or modified. It is a general rule of law that the personal estate of a testator must furnish, primarily, a fund for the payment of legacies; but the personal estate may be entirely exonerated, or the real estate may be made to contribute to such payment, if there be express directions to that effect in the will, or if that be the clear intent to be gathered from its provisions. Taylor v. Dodd, 58 N. Y. 335; Dunham v. Deraismes, 165 N. Y. 66, 58 N. E. 789. Otherwise, this is the only fund from which payment is authorized to be made. Bevan v. Cooper, 72 N. Y. 317.

When general legacies are given in a will, followed by a residuary clause, in the usual form, and nothing more, the language of the will alone, unaided by extrinsic evidence, is insufficient to charge the legacies upon the land included in the residuary clause; and the burden of establishing that the legacy is made a charge rests upon the legatee, where the language of the will does not affirmatively show such was the intention of the testator. Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717. A residuary clause, in the form of the bequest in the case at bar, is not sufficient to charge a legacy upon real estate; nor does the provision for its payment merely raise such presumption. In re McKay's Estate, 33 Misc. Rep. 520, 68 N. Y. Supp. 925; Wiltsie v. Shaw, 100 N. Y. 191, 3 N. E. 331; Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332. This is so even where there is an express direction to sell all or any of the real estate, and execute valid deeds of conveyance for the same to the purchaser. Kinnier v. Rogers, 42 N. Y. 531. The rule is sufficiently strong when a testator devises the real estate after the payment of debts and legacies, or where he devises the real estate after a direction that debts and legacies be first paid. This does create the lien. The legacies must be directed to be first or previously paid, or the devise declared to be made after the debts are paid. In re City of Rochester, 110 N. Y. 159, 17 N. E. 740.

The rule contended for by the plaintiff may be enforced where it is shown that the legacies amount to such a sum, compared with the value of the real estate, that that presumption arises from the condition and situation of the property itself, when the residuary clause is in the following form: "All the rest, residue, and remainder of my estate, real and personal, whatsoever and wheresoever." Forster v. Civill, 20 Hun, 282; Kalbfleisch v. Kalbfleisch, 67 N. Y. 354. Like inference may be drawn where there is a deficiency of personal property existing at the time when the will is made, and it is so great and obvious as to preclude any possible inference that the testator did not realize it, or that he may have expected or intended before his death to remedy the difficulty; in other words, the testator must have realized the situation, and have intended to make the legacy a charge. Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054. In the case at bar, the real estate was already heavily incumbered by a mortgage, equal to two-thirds of the purchase price. The husband and wife were living

together, and occupied this property; the husband running the hotel, principally in connection with a livery stable belonging to the wife. At the time this will was made, the house was furnished with a considerable amount of personal property, all of which belonged to the wife. Under these circumstances, can it be inferred, from the situation and condition prevailing at the time the will was made, that the wife intended that her brother should have $500, to be made a charge upon the real estate left to the husband? If this is true, what did she intend to leave to her husband? A large amount of personal property had been subsequently sold and disposed of during the lifetime of the wife, and if the plaintiff's construction is to be maintained, the husband apparently received very little of the wife's estate under this residuary clause. On the trial the scrivener who drew the will was called as a witness, and his declaration is that the testatrix's attention was called to the fact that no provision had been made in the will for the payment of the plaintiff's legacy out of the real estate. The evidence shows that she declared that it was not her intention to charge the real estate with the payment of this legacy. Without this evidence, I can find nothing in the provisions of the will, nor in the condition of the property at the time it was drawn, from which I can justly and properly charge the payment of plaintiff's legacy upon the real estate. I do not think that such a construction would stand the scrutiny of a closer investigation, without additional light and authority.

Certain letters were received in evidence, from which the plaintiff seeks to draw the inference that the real estate was to be charged with the payment of this legacy. Among other things, one of the letters suggests that the defendant is to have the benefit of a large life insurance, inferentially coming from a policy on the wife's life, but there is no evidence that any such policy was ever taken or ever matured, and therefore little importance can be attached to that declaration. It may be possible that a life insurance was intended at some future time to have been placed upon the life of the testatrix, but the evidence is silent as to the fact. This letter is dated on the 4th day of December, 1885, five months before the will in question was made, and the alleged fact contradicts the provisions of the will.

By the evidence of Mrs. Davidson, the plaintiff sought to show, from the declarations of the testatrix, that she had no personal property or estate; therefore, that she intended to charge the payment of this legacy upon her real estate. This conversation took place in June, 1887, at Little Falls, N. Y., where the testatrix was visiting the witness and the plaintiff. Witnesses were called in behalf of the defendant, and from that evidence it is clearly shown that, at the time said will was made, and for several years thereafter, the testatrix was the owner of more than $1,000 worth of personal property, besides the hotel furniture. This fact, being established by the evidence of witnesses, who gave the character and description of the property, is, of itself, sufficient to defeat the verity of the declarations alleged to have been made; since it can as well be inferred that the testatrix did not care to fully disclose her financial condition to the witness, or that she did not want to loan money to the plaintiff or to his wife.

After a careful examination of all the questions submitted, I am inclined to believe that the testatrix did not intend to make the payment of this legacy a charge upon her real estate. The complaint must therefore be dismissed, with costs.