The relator's contention, therefore, that he is illegally detained is without merit and it follows that the writ must be dismissed.

Writ dismissed.

---

GERTRUDE M. BEEBE, Plaintiff, *v.* WILLIAM E. LOCK-
WOOD and Others, Defendants.

(Supreme Court, Albany Special Term, April, 1918.)

Wills — provisions contained in — intention of testatrix — residuary
estate — legacy — gifts — codicil — partition — transfer tax.

An intention to charge general legacies on residuary real estate cannot be implied from the mere fact that there is a general residuary gift of both real and personal property.

Where testatrix, who left her surviving no husband, descendants, brothers or sisters, and no one dependent upon her, devised and bequeathed all the rest, residue and remainder of her estate to distant blood relatives, with one exception, and by a codicil makes a bequest of a certain sum of money with direction that the same shall be a lien against any real property of which she may die seized, until paid, a legacy given

by a second codicil to the brother and sisters of her deceased husband is not a charge upon the realty, the will containing no power in the executor to sell real estate.

ACTION for partition.

Tracey, Cooper & Townsend, for plaintiff.

Robert Frazier, for defendants Lockwood and other defendants.

Frank B. Wickes, for defendants Wear.

Eugene D. Flanigan, guardian *ad litem.*

CHESTER, J.   The plaintiff seeks a sale of the real estate of Nellie L. Wear, deceased, and a partition of the proceeds thereof among the owners.   The action involves a construction of her will and two codicils. In the will which was dated July 7, 1907, she first directs the payment of all debts and funeral expenses; *second,* gives her household goods to her executor to be disposed of in accordance with a note stated to be left with the will; and *third,* gives all the rest and residue of her estate of every kind and nature in equal shares to Lynn E. Fleming, Helen S. Fleming, Gertrude E. Beebe, William E. Lockwood and Clara Newsbaumer, and appoints Thomas Wear, executor.   By a codicil dated September 6, 1913, she gives to her sister-in-law, Anna H. Lockwood, the sum of $1,000, and directs " that the said sum shall be a lien against any real property of which I may die seized of until the same shall have been paid."   She also revokes the appointment of the executor named in the will and names William E. Lockwood in his stead.   By a second codicil dated August 18, 1914, she gives the sum of

22

$500 "in equal shares to Thomas Wear, Jessie Wear and Mary G. Wear, share and share alike," makes some directions concerning perpetual care and stones upon her cemetery lot and names Thomas Wear as executor.

The principal question to be determined is whether the legacies in the last codicil to Thomas, Jessie and Mary G. Wear are a charge upon her real estate.

The testatrix died October 29, 1916, being fifty-nine years old. Letters testamentary were issued to William E. Lockwood, Thomas Wear named as executor having renounced. She left no husband, children, descendants, brothers or sisters and had no one dependent upon her. The three Wear legatees were not of the blood of the testatrix but were brothers and sisters of her deceased husband. Those named in the residuary clause were distant relatives, of her blood, except Anna H. Lockwood, who was the wife of a deceased brother of the testatrix. The decedent left a parcel of real estate in Watervliet and also a tenement house in Mechanicville, the latter being subject to a life estate in the defendant Anna H. Lockwood.

The accounting of the executor in the Surrogate's Court shows that there is no personal estate out of which to pay the legacies and that there is not sufficient to pay the inheritance tax against the estate. It does not very clearly appear just what the amount of personal estate was at the time of making the second codicil in which the legacies to the Wears were given, although I think it is a fair inference from all the proof that there was not sufficient personal property at that time to pay those legacies.

In determining the question as to whether these legacies were a charge upon the land, we must seek the intention of the testatrix to that effect and that must be found from the will itself, the condition of her

estate and the surrounding circumstances and it must clearly and satisfactorily appear before it can be so held. *Lupton* v. *Lupton,* 2 John. Ch. 614; *Brill* v. *Wright,* 112 N. Y. 129.

There are several facts and circumstances appearing here which lead me to the conclusion that there was no intention to so charge. In the first place the will and both codicils were drawn by the same lawyer. The legacy to Anna H. Lockwood in the second codicil for $1,000 was expressly made a lien against the real property of the testatrix while the legacies in the second codicil to the Wears were not expressly charged upon the realty or made a lien thereon. That fact alone goes a great ways as I view it to negative any intention on the part of the testatrix to charge those legacies upon the land. It is urged that the residuary clause in the will, which blends both real and personal property together, shows an intention to charge but the residue is not given *after all legacies are paid* as has been the fact in many cases where some importance has been attached to such a blending. While the authorities in the United States courts and in some jurisdictions support the contention of counsel for the Wears in this respect, yet the authorities in this state are to the contrary. The law is settled here that an intention to charge general legacies on residuary real estate cannot be implied from the mere fact that there is a general residuary gift of both real and personal estate. *Bevan* v. *Cooper,* 72 N. Y. 317; *Brill* v. *Wright,* 112 id. 129, 134; *Briggs* v. *Carroll,* 117 id. 288, 291.

Another circumstance which may fairly be given weight in support of the conclusion I have reached is that the will contained no power to sell real estate so as to furnish the means of an equitable conversion of the real estate into a fund to pay the legacies. Such

a power to sell was not necessary to aid in the collection of the Lockwood legacy of $1,000 because that was expressly made a lien upon the land. It would have been of substantial aid to the Wears in support of their theory, but the will is wanting in this respect.

It does not appear that the testatrix herself had any very clear conception at the time she made the codicil giving the legacies to the Wears of the situation of her estate or the amount of her personal property. She had prior to that time been to a hospital for a serious operation, was impaired in health and while her will has been proven without objection she had before making the codicil been in a sanatorium suffering from some mental disorder and afterwards her mind became more seriously impaired and she lived for upwards of a year after the codicil was made in a sanatorium being treated for mental ailment and finally died in the state hospital at Poughkeepsie. But the fact that both these codicils were drawn as well as the will by a lawyer who was generally familiar with her affairs should be given quite as much weight as the question as to whether she knew at the time of making the last codicil that she did not have sufficient personal property to pay the legacies.

While the question is not wholly free from doubt, the authorities will not sanction the straining of a point in favor of persons who were not of the blood of the testatrix. This I think is true although the other persons named in the will were not near relatives, nor in fact did she have any such. For these reasons I can find no intent on the part of the testatrix to make these legacies to the Wears a charge upon her land.

The only property that can be sold at the present time is the Watervliet property. The Mechanicville property being subject to a life estate and the life

tenant not having consented in writing to the sale as required by section 1533 of the Code of Civil Procedure, that property must be reserved from a sale now but with leave to apply at the foot of the decree for relief at the proper time.

Findings may be submitted in harmony with this memorandum with costs to the plaintiff and to the guardian *ad litem,* payable out of the estate.

Ordered accordingly.