In the Matter of the Estate of WILLIAM C. LEEMMEN, Deceased.

Surrogate's Court, Queens County, February 1, 1930.

*R. Leslie Smith*, for the contestant.

*William A. McLaughlin*, for the executor.

*Eugene Sherk*, special guardian.

NEWCOMBE, S. This is a proceeding for the judicial settlement of the accounts of an executor, in which he has made application for leave to resign, and in which proceeding application is made by Marie Leemmen, widow, residuary legatee and devisee, for a judicial construction of decedent's will. The last will and testament of decedent is dated January 12, 1929, and contains the following provisions: " I leave to my daughter Clara Leemmen five thousand five hundred dollars ($5,500.00). I allow five hundred dollars ($500.00) for my funeral expenses. I leave all other real and personal property to my wife Marie Leemmen. I appoint my brother George C. Leemmen as sole executor without bond of this my last will and testament."

Decedent died January 13, 1929, the day following the execution of said will, survived by Marie Leemmen, widow; Maria E. Leemmen, daughter (a child of decedent by said widow); and Clara M. Leemmen, daughter (a child by a former wife). The decedent at the time of his death was seized of certain real property and also possessed personal property, the actual value of which, after the payment of his debts and funeral expenses and the expenses of

administration of his estate, will in all probability be insufficient to pay the legacy of $5,500 in full.

It is the contention of the widow that such legacy is not a lien upon decedent's real property, and that payment thereof should not be charged thereon, and in so doing she relies upon certain authorities which it is insisted control the construction to be placed upon the will. The leading authority presented is *Matter of Mould* (117 Misc. 1). In that case decedent left her surviving no children of her body. After certain general legacies, not specifically charged, upon her real estate, to her sister, nieces, nephews and to relatives of her deceased husband, all the rest, residue and remainder of her estate, both real and personal was devised and bequeathed to " Florence A. Coombs, who grew up as a child in her family, or stood in the relationship of parent and child."

There is a marked distinction between that case and the one at bar. In the instant case it is to be presumed that the will was not drawn by a competent attorney, for, although it was signed by the testator in the presence of two witnesses and admitted to probate as an instrument valid to pass both real and personal property, it contains no attestation clause and is attested by a notary public. There is no testimony to disclose that the testator knew or comprehended that his personal property was sufficient to pay the legacy. There is no power of sale contained in the will. The whole question is one of intent, to be determined from the language of the will and the circumstances surrounding the testator. (*Wiltsie v. Shaw*, 100 N. Y. 191; *Carley v. Harper*, 219 id. 295.)

As is the case with all questions of intention, no precedents are absolutely controlling in other cases, for all differ. In construing wills, the New York courts have consistently sought to discover and be guided by the intention of the testator. The intention of the deceased is always to guide us, and when that can be discovered it will not be affected by any rule of construction. (*Matter of Rooker*, 248 N. Y. 361; *Fulton Trust Co. v. Phillips*, 218 id. 573.)

In order to determine the intention of the testator, separate clauses and phrases are not to be considered alone, but the whole will taken together, and each part construed with relation to the language used in other parts, and effect given to the general intention to be ascertained. (See language of FINCH, J., in *Phillips v. Davies*, 92 N. Y. 199, 204; also language of PECKHAM, J., in *Roe v. Vingut*, 117 id. 204, 212; also language of BROWN, J., in *Tilden v. Green*, 130 id. 29, 51.) And in *Matter of Mould* (117 Misc. at p. 13) Surrogate SLATER says: " It is very noticeable that in all the cases dealing with the subject a preference is given to relatives of the blood, and particularly to persons who stand in the relation

of parent and child. * * * Where this class are named as general legatees, then the courts have consistently held that such gifts are a charge upon the real estate. This distinction is expressive. The courts have struggled to find a reason for holding in favor of a child."

There is nowhere any indication that in this particular case the testator sought to discriminate in favor of the residuary legatee. His first thought was to provide for his daughter Clara, his child by a previous marriage. It was the intention of the testator to charge all of his property with the payment of this bequest, and that such legacy be paid in full. It would be a mockery to impute to the testator an intention that the legacy so given to his daughter should not be paid, if his personal estate was sufficient for that purpose. The presumption is he meant the legacy to be paid; that he did not intend to go through the mere form of bequeathing a legacy to his own child without leaving something to pay it with.

Payment of the legacy in question is made a charge upon decedent's real property. The application of the executor for leave to resign is reserved, to be restored on five days' notice, and the executor is directed to file an amended account setting forth a more detailed statement of the assets and liabilities of the decedent.