In the Matter of the Estate of REBECCA P. PARKER, Deceased.

Surrogate's Court, Suffolk County, May 8, 1934.

*Josephine M. Cain*, for the executors.

*James A. Nolan*, for the general guardian.

PELLETREAU, S.   The decedent by her will made June 5, 1929, bequeathed to various legatees sums aggregating $26,500.   It appears that the decedent, when she made her will, possessed personal property aggregating $37,657.12.   At the time of her death the personal property had greatly depreciated and she left real estate of the approximate value of $5,000.   The residue and remainder of the entire estate, including said real estate, was all given to Edna J. Lee, Jr., and Joseph A. McGarry.   The personal property is insufficient to pay the legatees in full.   The bequests were general legacies and there is nothing in the will to indicate that the testatrix intended them to be liens upon the real property. The rule in this State is well settled and is clearly stated in the decision in *Brill* v. *Wright* (112 N. Y. 129), which states: " Where in a will general legacies are given, followed by a gift of all the rest and residue of the real and personal property of the testator, by a residuary clause in the usual form and nothing more, it must now, we think, be regarded as the established rule in this state that the language of the will alone, unaided by extrinsic circumstances, is insufficient to charge the legacies upon lands included in the residuary devise."

A decree may enter to the effect that the general legacies abate *pro rata* and that no recourse can be had to the real estate to make up the deficiency.