THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALTON H. WOLFE and GOTTLOB A. MURR, Appellants.— Motion for reargument denied. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL V. CAREY, Appellant, v. WILLIAM H. HUNT, Warden of Attica Prison, Respondent.— Motion for reargument denied. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

## (March 19, 1941.)

In the Matter of the Estate of HENRY G. BOHNER, Deceased.— Decree reversed on the law, without costs, and matter remitted to Surrogate's Court to enter a decree in accordance with the memorandum. Memorandum: The decree appealed from charges the real estate of decedent with the payment of a $1,000 legacy. The $1,000 was bequeathed to a nephew and the real estate was devised to the widow of testator. The general rule is that a legacy is not to be paid from real estate unless either the will specifically so directs, or else the intention of the testator to make the legacy a charge on the real estate appears from the whole will. (Reynolds v. Reynolds, 16 N. Y. 257.) The first paragraph of the will directs the payment of debts and funeral expenses; the second bequeaths $1,000 to the nephew and the third reads: " All the rest, residue and remainder of my estate, both real and personal, I do give, devise and bequeath unto my wife," etc. Aside from the fact that the bequest to the nephew was the first gift made by the will, and the further fact that there was a blending of both real and personal property in the residuary clause (McCorn v. McCorn, 100 N. Y. 511), there is little or nothing in the will to indicate an intention to make the $1,000 bequest a charge on the real estate. Had the will provided that the residuary estate was given to the widow " after the payment " of the legacy, or had the residuum been a gift of everything " not otherwise disposed of," or had it been provided that the legacy be " first paid," it might be argued that the legacy was intended to be a charge on the real estate. (Wiltsie v. Shaw, 100 N. Y. 191; Reynolds v. Reynolds, supra, 259; Hoyt v. Hoyt, 85 N. Y. 142, 146.) But such provisions are lacking. Likewise, a power of sale of the real estate given to the executor would have aided such a construction, but no power of sale is given by the will. In case of doubt a construction should be made that favors a widow as against a nephew. (Hoyt v. Hoyt, supra.) The respondent has not shown that, at the time of making his will, testator had insufficient personal property to pay his debts, funeral expenses, and the legacy in question, and the burden of proof, in that regard, was upon him. (Brill v. Wright, 112 N. Y. 129, 136.) The decree should be reversed and the matter remitted to the Surrogate's Court to enter a decree declaring that the $1,000 is not a charge against the real property of the testator. All concur, except Harris, J., who dissents and votes for affirmance. (The decree adjudges that a legacy of $1,000 is a charge upon the realty of testator.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.