In the Matter of the Construction of the Will of Francis P. O'Byrne, Deceased.

Surrogate's Court, Kings County, February 25, 1954.

*Grace & Grace* for Ida Quinn, petitioner.

*Charles G. Coster* for Edmund B. Farrelly, as executor of Francis P. O'Byrne, deceased.

Rubenstein, S. Testator conditionally devised a parcel of realty to the tenant thereof, imposing upon her the obligation to " assume and agree to pay the principal and interest of the mortgage now on said premises and also shall agree to cancel

any debts owed by me to her at the date of my death, and shall likewise pay any simple debts owed by me at the time of my death." The devisee and executor cannot agree upon the interpretation of what constitutes a " simple debt " and a construction has, therefore, been sought.

Testator executed his will on January 19, 1952, and died on October 22, 1952. It appears that during three separate periods from December 24, 1951, until his death on October 22, 1952, testator was hospitalized in a public institution; that subsequent to his death the officials of said institution ascertained that testator had been possessed of sufficient assets to pay for the services rendered and thereupon filed a claim in excess of $3,000 with the executor, who has not rejected it, thereby admitting its justice and validity. The executor contends that not only that debt but all other debts of the testator must be paid by the devisee before she is entitled to her devise.

The devisee originally contended that she was only required to pay the debts in connection with the real property devised, but later conceded that she is required to pay the ordinary and usual debts of a decedent, such as moneys due and owing tradesmen, doctors and other run-of-the-mill creditors. In addition to the provisions for the payment of debts, conditionally attached to the devise, testator in paragraph " First " of his will directed his executor " to pay my just debts and funeral expenses, etc." Provisions of that type, however, are formal and conventional merely and do not possess much weight as an expression of the will maker (*Matter of City of Rochester,* 110 N. Y. 159, 166-7; *Brill* v. *Wright,* 112 N. Y. 129, 135).

Within the terms of the devise itself testator made a distinction between debts—" any debts " owed by him to the devisee were to be cancelled by her, and " any simple debts " owed by him to others were to be paid by the devisee. In the former situation there was no limitation placed upon the kind or nature of debts owed, while in the latter situation, the testator contemplated a limitation. The instrument under consideration was prepared by " counsel learned in the law " (*Farmers' Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 477, 486) and the difference in the language employed must be given considerable weight (see *Healy* v. *Empire Trust Co.,* 276 App. Div. 305, 308, affd. 301 N. Y. 620). The court cannot ascribe this deliberate distinction in language to anything but the expression of testator's intention that the devisee was not to pay all of testator's debts regardless of their nature or amount. If he intended otherwise that result could

have been readily attained by the omission of the qualifying adjective " simple " before its noun " debts."

Had the testator disclosed to the hospital authorities the true facts in connection with his finances, he would have been denied hospitalization and referred to a private hospital. The average person, in testator's station of life, who is a patient in a private hospital ordinarily would not be allowed more than two weeks' credit. The testator, undoubtedly, never entertained a thought that subsequent to his death his executor would be presented with a large claim for his hospitalization. The court holds that by the employment of the expression " simple debts " the testator intended it to apply to the indebtedness which he incurred or might incur in the usual and ordinary course of events, and that included within that definition would be the cost of his hospitalization for a period of two weeks.

Submit decree, on notice, accordingly.