NEWYORK,
October, 1816.

JACKSON
v.
MOYER.

</div>

---

JACKSON, *ex dem.* PETER HARDER AND OTHERS, *against* MOYER.

THIS was an action of ejectment, tried at the *Montgomery* circuit, *August* 29th, 1815, before Mr. Justice *Yates.*

The premises in question were 16 or 20 acres of land, and a dwelling-house thereon, in *Minden.* The lessors of the plaintiff are six of the heirs at law of *John Henry Moyer,* deceased,

*M.* devised as follows : " I give and bequeath to my son, *John Henry,* my farm on which I now live, &c., granted to me by several persons, and several

lots," &c. *Held* that a lot of about 16 acres, with a dwelling-house thereon, not adjoining the farm, and which had been let out for many years, as a separate and distinct lot, did not pass by the devise to *J. H.*

and the defendant, *John Henry Moyer*, is the other heir. *John Henry Moyer* died, seised of the premises, in 1810, having previously made his will, dated the 28th of *August,* 1810, by which he devised as follows: "I give and bequeath unto my son, *John Henry,* my farm, on which I now live, and being in the town of *Minden,* &c., containing 209 acres of land, be the same more or less, adjoining lands of *Henry Moyer, Johannis Miller,* and others, granted to me by several persons, and several lots, together with all the buildings and improvements thereon, to have and to hold the same to him, to his heirs and assigns for ever."

After the death of the testator, the defendant let the premises in question, on shares. The premises are separated from the farm by two lots belonging to other persons, except in one part, where it is separated by a small lot belonging to *Jacob Kellar;* and at this place, being the nearest to the farm, the distance from it is half a mile. The testator did not work the premises, as his homestead. The dwelling-house was built by the defendant, who had the control of the old farm, and the premises, for several years previous to his father's death.

*Henry Kellar,* a witness, testified, that the testator had not used the premises in question, as part of his farm, but that they had been let out for about *forty* years, and did not, in any part, adjoin the farm.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the facts above stated.

*Ford,* for the plaintiff, contended, that the premises in question formed no part of the testator's farm, but were a separate and distinct part of his estate, and he relied on the case of *Jackson, ex dem. Van Vechten,* v. *Sill,*\* as in point to show that they did not pass by the devise to the defendant.

\* 11 *Johns. Rep.* 201.

*Campbell,* contra, insisted, that as the testator had described his *farm* as consisting of several and distinct parcels, the words of the devise were large enough to include the premises in question; and that the evidence showed that they were under the control and direction of the defendant, in the lifetime of his father, in the same manner as the homestead, and were, therefore, to be deemed parcel of the *farm.*

*Per Curiam.* The lessors of the plaintiff are six of the heirs at law of *John, Henry Moyer,* deceased, and the defendant is the only remaining heir. It is admitted that *John Henry Moyer* died seised of the premises in question. The lessors claim, as his heirs at law, six sevenths of the premises in question, and the defendant claims the whole, under the will of *John Henry Moyer;* and the only question is, whether the devise to the defendant extends to the premises. The words of the devise are, " I give and bequeath unto my son, *John Henry, my farm whereon I now live,* &c. The premises, as appears by the testimony, are about 15 or 20 acres of land, with a dwelling-house thereon separate, and apart from the farm of the testator which he occupied, and not used by him as a part of the farm, but had, for 40 years, been let out as a separate and distinct lot. Under these circumstances, the premises could, in no sense, be considered a part of the farm whereon the testator lived, and, of course, not embraced by the devise. This is a case very analogous to that of *Jackson* v. *Sill,* (11 *Johns. Rep.* 201.,) and the principles then settled must govern the present decision. The plaintiff must have judgment for six sevenths of the premises.

<div align="right">Judgment accordingly.</div>