Matter of the Judicial Settlement of Account of Proceedings of PETER R. VANDERZEE, as Executor of the Last Will and Testament of Gertrude A. VanDerzee, Deceased.

(Surrogate's Court, Albany County, February, 1910.)

Gifts — Delivery and acceptance — Evidence — Sufficiency.

Where an executor, upon the judicial settlement of his account, claims that a bond and mortgage formerly belonging to the testatrix, his sister, were given to him by her in her lifetime; and his wife testifies that while the testatrix was living with them she wrote upon the bond and mortgage the words " Jany 31   I have given this    have given to Peter " and signed her name and

Surrogate's Court, Albany County, February, 1910.   [Vol. 66.

tendered the papers to her brother Peter in the presence of the witness, saying, "I give you this Mallory mortgage," and he, having his arms full of wood and being unable to take it, asked his sister to hand it to the witness, which she did, and the witness afterward put it back with other papers in a box which was used in common by the family, a gift of the bond and mortgage is sufficiently established.

PROCEEDING upon the account of an executor.

Andrew VanDerzee, for petitioner, Peter R. VanDerzee.

William Sanford VanDerzee, in person.

Arthur Helme, for James Vanderpool, as administrator of the estate of Margaret E. Vanderpool, deceased.

William Selkirk, for Elmwood Cemetery Association.

W. H. VanSteenbergh, for Board of Foreign Missions of the Reformed Church in America, and Board of Domestic Missions of the Reformed Church of America.

Davies, Stone & Auerbach, for Domestic & Foreign Missionary Society of the Protestant Episcopal Church in the United States of America.

Harold D. Alexander, guardian, for Gertrude Vanderpool, an infant.

ADDINGTON (Acting), S.   Gertrude Ann VanDerzee, the above named testatrix, died on the 17th day of March, 1906, being at the time of her death eighty-six years of age.   She left a last will and testament which was duly admitted to probate, and the petitioner, Peter R. VanDerzee, duly qualified as executor.

On October 19, 1908, the petitioner duly filed his account of proceedings as such executor, and petitioned for the final settlement of such account.   A citation was duly issued; and, on the return of said citation, James Vanderpool, as administrator of the estate of Margaret E. Vanderpool, deceased, filed objections to said account.   The will was pro-

Misc.]     Surrogate's Court, Albany County, February, 1910.

bated by me, and this proceeding is before me as county judge of Albany county, and, as such, acting surrogate, the Hon. Newton B. VanDerzee, surrogate of Albany county, being related to the parties interested.

The testatrix bequeathed " to Domestic and Foreign Missions one hundred dollars." This bequest was claimed by the " Domestic and Foreign Missionary Society of the Protestant Episcopal Church of the United States of America," and by the " Board of Foreign Missions of the Reformed Church in America," and by the " Board of Domestic Missions of the Reformed Church in America," which missions were made parties to this proceeding. The mission first above mentioned withdrew its claim to said bequest.

There can be no doubt from all the evidence adduced that the deceased intended said bequest for the " Board of Foreign Missions of the Reformed Church in America," and the " Board of Domestic Missions of the Reformed Church in America." The testatrix was a member of the Reformed Church of the town of Bethlehem, Albany county, of the denomination known as the Reformed Church in America, for more than sixty years, and was a contributor to the boards of foreign and domestic missions of that denomination for many years. Under all the evidence it is substantially undisputed that said bequest was intended for the Foreign and Domestic Missions of the Reformed Church.

It also appears clearly to me that the testatrix in her will (which is in her own handwriting) first made this bequest $100, and then changed it to $200 by writing the word " two " over the " one;" and the evidence is undisputed that the words " one " and " two " are in the handwriting of the testatrix.

The executor in his account claims title by gift to him by said testatrix in her lifetime of a certain bond and mortgage, made and executed by William H. Osterhout and wife to Thomas Mallory, bearing date April 1, 1874, and recorded in the Albany county clerk's office in book 228 of mortgages, at page 44, on a farm of about eighty-one and twenty-four one hundredths acres of land in the town of Bethlehem, Albany county, N. Y., which mortgage was as-

26

Surrogate's Court, Albany County, February, 1910.   [Vol. 66.

signed by Thomas Mallory to John B. VanDerzee, April 2, 1877, and recorded April 27, 1878; and by John G. VanDerzee and others assigned to the testatrix, Gertrude A. VanDerzee, April 1, 1883.

The claim of title to this bond and mortgage and the assignments by Peter R. VanDerzee is contested, which is the only serious contention to the final account filed herein.

It appears that the testatrix, who was a maiden lady and a sister of Peter R. VanDerzee, the alleged donee, lived with her brother, the executor of her estate, and the latter's wife, in the town of Bethlehem, for many years.

The evidence as to the alleged gift of the bond, mortgage and assignments is based solely on the evidence of Maria VanDerzee, the wife of the alleged donee, Peter R. VanDerzee.

The witness testified that, on the 31st day of January, 1906, she and the testatrix were in the sitting-room of their home in the town of Bethlehem, when the testatrix said to her: "Get the Mallory bond and mortgage for me.  I want to give it to my brother Peter."

She further testified: "Well she told me where it was, and I went and got it from the bedroom; it was in a little trunk in the bedroom; that was a trunk in which she kept her papers.  After I got it I placed it in front of her, on a chair in front of her; she was sitting in a rocking chair. I placed it in front of her on a common chair; she asked me to open it and get these papers for her.  I brought the box and the trunk both, and placed them in front of her.  She asked me to get the papers out for her, and told me where they were, and I got them and gave them to her, and she asked me for a pencil, and I gave that to her.  She wrote on one of those papers with the pencil.  (Showing paper.) That is what she wrote on the paper."

On the assignment of the mortgage from Mallory to VanDerzee the following appears written in pencil, as near as I can decipher it:

" Jany 31
      " I have given this        have given to Peter
                               .           G. A. VANDERZEE."

She further testified: "After she had made that writing her brother Peter was passing through the room, with his arms full of wood; she handed those papers to him and said: 'I give you this Mallory mortgage,' and Peter said: 'You might want them yet before you die,' she said: 'I want you to have them.' She handed them to Peter. As his arms was full of wood he couldn't take them, and he said: 'Give them to Maria,' that is me. She handed them to me; I put them away with the other papers."

On her cross-examination she completes her story as to her connection with the papers, and says: "I put them" (bond, mortgage and assignments) "back with all the papers in the box I got it from; in the trunk back in the bedroom."

The evidence further shows that the petitioner kept some of his papers in the box and trunk mentioned above, and that the box and trunk were used in common by the family.

"The gift being *inter vivos*, there must be present five distinct elements in order to invest it with the quality of validity. These elements are: *First,* that the donor must be competent to contract; *second,* there must be freedom of will; *third,* the gift must be complete, with nothing left undone; *fourth,* the property must be delivered by the donor and accepted by the donee; and, *fifth,* the gift must go into immediate and absolute effect." All of these elements in this case are proved to my satisfaction.

I am familiar with the language used by courts in treating of gifts *inter vivos,* such as: "Such a gift should be proved by very plain and satisfactory evidence." Ridden v. Thrall, 125 N. Y. 572.

"The evidence which proves the gift should be clear and convincing, strong and satisfactory." Devlin v. Greenwich Savings Bank, 125 N. Y. 756.

"In cases of this nature, where claims are presented against a deceased party, it is unquestionably well settled, by repeated adjudications, that the same should be scrutinized with even more than ordinary care in order to prevent, as far as possible, the allowance of unjust and fictitious demands against parties whose mouths are sealed by death." Rix v. Hunt, 16 App. Div. 545.

" The rule in such cases is that the gift must be established by evidence possessing the highest degree of probative force." Rix v. Hunt, 16 App. Div. 551.

"As there is great danger of fraud in this sort of gift courts cannot be too cautious in requiring clear proof of the transaction. This has been the rule from the early days of the civil law (which required five witnesses to such a gift) down to the present time." Grymes v. Hone, 49 N. Y. 23.

And so cases may be cited *ad infinitum* since the subject of gifts was first passed upon, wherein it is held that gifts *inter vivos* must be scrutinized with the greatest care, and should not be upheld unless the evidence in support of the gift is clear and convincing. The law is so well settled that it has become elementary; and the decisions are so numerous in all of our courts that a reference to authorities is scarcely necessary, as there is a collation of the same cases in almost every decision on the subject. The subject is discussed by the Appellate Division, second department, as late as October, 1909, in a case reported in the advance sheets, official reports, Tompkins v. Leary, 134 App. Div. 11½, in which the learned justice writing the opinion says: " It must be established by evidence that is clear and convincing;" by evidence which " is very plain and satisfactory," again quoting the language used by courts in former decisions, and citing the cases. In most if not in all of the reported cases, evidence is given against the validity of the gift. In this case, however, the only evidence offered is in favor of the gift. The contestants offer no evidence, but claim that from all the evidence the gift is not established by clear, convincing, plain and satisfactory proof.

When the only evidence of the gift is that of the husband or wife of the donee, it does not follow as a matter of law that the gift cannot be upheld by such evidence alone. Bouton v. Welch, 170 N. Y. 554; Andrews v. Nichols, 116 App. Div. 645.

The story told by the witness, the wife of the donee, as to what took place between her, her husband and the testatrix is not an unnatural one; nor was it unnatural for the testatrix to make the gift. The donee was her brother, and she had lived in his household for many years.

Misc.] Surrogate's Court, Albany County, February, 1910.

Each case must rest on its own particular facts; and, if there was no more evidence as to the gift than that which I have discussed, as the rule is that such a gift should be proved by very satisfactory, plain and convincing evidence, in the language of Judge Earl, in Ridden v. Thrall, 125 N. Y. 576, this "court might well hesitate to uphold the gift" in question.

However, in addition to the evidence of what was said by the donor, the donee and the witness, we have the additional fact that the testatrix wrote the words on the assignment,

" Jany 31
" I have given this              have given to Peter
                                " G. A. VANDERZEE."

which, together with the whole transaction, leads me to believe that the proof of the gift is " satisfactory and convincing." With this indorsement on the assignment the case is parallel with the Ridden-Thrall case, *supra*.

It is true that the only evidence that the testatrix made the writing on the assignment is that of the wife of the donee; but as was said by Judge Earl in Ridden v. Thrall, *supra,* on a similar situation, " The genuineness of this letter was not disputed on the trial." So in this case the genuineness of the writing on the assignment was not disputed on the trial.

In discussing a similar writing, Judge Earl, in Ridden v. Thrall, *supra,* says: "While standing alone it would not have been sufficient to establish the gift, it furnishes strong confirmation of the evidence of plaintiff's wife as to the gift, and leaves no reason to doubt that it was made as she testified. It was competent as corroborating evidence, just as the oral or written declarations of the donor previously made would have been, showing the intention to give and thus corroborating the evidence as to the actual gift subsequently made. I have found no authority condemning such evidence. In all cases where probate of a will is contested on the ground of undue influence, fraud, incompetency or forgery, the previous declarations or statements, in any form, of the testator showing an intention in harmony with the instrument offered for probate, have always been held competent — not as

Surrogate's Court, Dutchess County, February, 1910. [Vol. 66.

sufficient standing alone — but as corroborating the other evidence offered by the proponent."

A decree may be made and entered in accordance herewith.

Decreed accordingly.