(140 App. Div. 196.)

McGOLDRICK v. BODKIN et al.

Supreme Court, Appellate Division, Second Department. October 20, 1910.

1. WILLS (§ 807*)—RIGHTS OF LEGATEES—ABATEMENT OF LEGACY.
 Where the personal estate is insufficient to pay general legacies, they must abate proportionately, and no recourse may be had to the realty to make up the deficiency, unless the will indicates an intent of testator that the realty be so charged.
 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2103; Dec. Dig. § 807.*]

2. WILLS (§ 820*)—RIGHTS OF LEGATEES—ABATEMENT OF LEGACY—INTENT OF TESTATOR.

In determining testator's intent in such regard, recourse may be had, not only to the words of the will, but to such words weighed in the light of the surrounding circumstances when the will was made.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119; Dec. Dig. § 820.*]

3. WILLS (§ 806*)—ABATEMENT OF LEGACIES—PRESUMPTIONS.

It is to be presumed that a will was drawn honestly and in good faith, and that when testator provided a legacy he intended that it should be paid; such presumption not being absolute, but coming into play only when the circumstances surrounding the making of the will give fair cause for its rise.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2102; Dec. Dig. § 806.*]

4. WILLS (§ 820*)—CONSTRUCTION—GENERAL LEGACIES CHARGED ON REALTY.

In determining testator's intent as to charging general legacies upon the realty, whether, when he made the will, his personalty was sufficient to pay in full or in part the legacies therein expressed, is given almost controlling importance.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2115; Dec. Dig. § 820.*]

5. WILLS (§ 822*)—CONSTRUCTION—CHARGE OF GENERAL LEGACIES ON REALTY.

That realty is devised in a residuary clause, taken by itself, does not support an inference of an intended charge thereon of general legacies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2120; Dec. Dig. § 822.*]

6. WILLS (§ 826*) — CHARGE OF GENERAL LEGACIES ON REALTY — BURDEN OF PROOF.

The burden of showing testator's intent to charge general legacies on realty is upon those who assert it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2135; Dec. Dig. § 826.*]

Jenks, J., dissenting.

Submission of controversy without action, under Code Civ. Proc. § 1279, by Michael F. McGoldrick, executor of Margaret F. Bodkin, against Martin R. Bodkin, individually and as executor of Dominick G. Bodkin, and others. Judgment for defendant.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Michael F. McGoldrick, for plaintiff.
Jehiel T. Hurd, for defendants Bodkin and others.
L. J. Morrison, for defendant Rooney.

CARR, J. This is a submitted controversy, in which this court is asked to determine whether the general legacies set forth in the last will and testament of Dominick Bodkin, M. D., deceased, were by said instrument charged upon the real estate devised by the residuary clause thereof. It may first be noted that the agreed statement of facts submitted for the purpose of our decision is somewhat meager. Many statements of facts appear in the briefs of the respective counsel which do not appear in the agreed statement, to which we are confined necessarily in the determination of the legal question presented.

The decedent was a physician, who never married. On June 1, 1900, he made his will, which provides for a number of general legacies, certain specific devises of real property, and a residuary clause. His will opens with a clause as follows:

"After my just debts and funeral expenses are paid and discharged I dispose of my property in manner following."

Then follow the various general legacies and specific devises. The will closes as follows:

"Residuary, all the rest, residue and remainder of my estate I give in equal shares to my nephews and nieces, and in case any of them have died, or shall have died when this will becomes operative, leaving a child or children then surviving, then such child or children shall take the share under this clause to which such nephew or niece would be entitled if he or she had lived until that event."

The general legacies amounted to the sum of $31,000. The agreed statement of facts does not contain any information as to the extent of the testator's ownership of personal property at the time the will was made, whether it was less, greater than, or equal to the amount of the general legacies. Nor does it tell us the amount of the personal property at the time of the decedent's death. All the information it gives upon this point is as follows:

"That after the death of said Dominick G. Bodkin it was ascertained by his executors that his personal estate *applicable to the payment of the general legacies* [italics ours], provided for in his last will and testament, did not amount to more than the sum of about $20,000, and that the executors were unable to pay said general legacies in full, and that there remains due and unpaid upon the remainder of said several legacies * * * as follows," etc.

The testator died in January, 1902, at the age of 68, about 18 months after the will was made. As to his personal and financial affairs, it is stipulated as follows:

"For many. years he had been practicing as a physician in the borough of Brooklyn, and had an extensive and lucrative practice. About 18 months previous to his death he was taken ill, and during the said period of his illness he was unable to pursue his profession, and that his income therefrom during that time practically ceased."

The primary rule is that, where the personal estate is insufficient to pay the general legacies, they must abate proportionately, and that no recourse may be had to the real estate to make up the deficiency, unless the will indicates an intention upon the part of the testator that the real estate should be so charged. This rule is so familiar as to require no citation of any of the numerous decisions in which it has been stated. As the question is one of testamentary intention, the courts have been diligent in searching out the testator's intent, not exclusively from the words of the will itself, but from such words weighed in the light of the surrounding circumstances when the will was made. Hoyt v. Hoyt, 85 N. Y. 142; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235; Lediger v. Canfield, 78 App. Div. 596, 79 N. Y. Supp. 758.

While all the cases declare that, in the absence of an express charge in the language of the will, no charge will be implied unless it can be fairly or satisfactorily inferred, the circumstances under which such in-

ference has been made have varied quite considerably. The cases in which this question has arisen have been very numerous, and the expressions of judicial opinion too frequent to require repetition here. Running throughout many of these cases, we find at times a strong tendency upon the part of the courts to charge the legacy upon the lands in favor of legatees who were of the blood of the testator and thus presumed to be "the natural objects of his bounty," and we find this tendency to be less strong in cases of legatees who were strangers in blood. The general argument upon which charges have been inferred is stated as follows: It is to be presumed that the will was drawn honestly and in good faith, and that when the testator provided a legacy he intended that it should be paid. Bevan v. Cooper, 72 N. Y. 317; Hoyt v. Hoyt, ut supra; McManus v. McManus, ut supra. This so-called presumption is not absolute, as otherwise it would destroy the primary rule; but it comes into play only when the circumstances surrounding the making of the will give fair cause for its rise. Hence the courts have always considered as of almost controlling importance on the question of the testator's intent the fact whether or not when he made his will his personal estate was sufficient to pay in full or in part the legacies therein expressed; for, as was frequently argued, if, when he made the will and specified the legacies, he knew that he had not sufficient personal property to pay them, he should be deemed to have intended to subject his residuary real estate to the burden of payment, or otherwise he must be deemed to have made his will a mere trick upon the legatees.

To give any room for an indulgence in this argument for the purpose of defeating the primary rule, the court must have before it quite satisfactory evidence of the fact upon which the argument is based. Here in the case at bar it in no way appears that when this will was made the testator did not have ample personal property to pay all the legacies in full. The fact that after his death, some 18 months after the will was made, and after the payment of debts and the expenses of administration, there was a deficiency in the personal property, does not raise any presumption that such inadequacy existed eighteen months earlier; for at the time the will was made the testator was in receipt of a large professional income, which ceased subsequently through his illness for the 18 months preceding his death. We have nothing before us to tell us what was his income during this period, nor what his expenses. Presumably the expenses were great, and the income very much less than theretofore. The difference between the net balance after administration and the aggregate amount of the legacies is scarcely more, if any more at all, than one would expect to find after 18 months illness and loss of professional income in the meanwhile.

In other words, there is nothing in the surrounding circumstances to indicate that, when the will was made, the testator had not personal property sufficient to pay the legacies, or had any reasonable anticipation of the likelihood of a deficiency in personal assets. Hence there is no room here for any inference of an intention to charge the legacies upon the real property. The mere fact that this property is devised in a residuary clause, taken by itself, is not of sufficient importance to support an inference of an intended charge. The burden of showing

an intent to charge is upon those who assert it. ·Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717.

It follows that there must be a judgment for the nephews and nieces who take under the residuary clause, determining that the general legacies are not charged upon the lands devised under the residuary clause.

Judgment for defendants, with costs, in accordance with the terms of the submission. All concur, except JENKS, J., who dissents.