BRENNAN v. BRENNAN et al.

(Supreme Court, Special Term, New York County. February 2, 1911.)

1. WILLS (§ 822*)—LEGACIES—CHARGES ON REAL ESTATE.

Where a will, after bequeathing general legacies, disposes of the remainder of the realty and personalty by a residuary clause, the legacies will not be held to be charged upon the realty in the residuary estate, if the personalty is insufficient to satisfy such legacies, in absence of extrinsic circumstances showing such intention; but extrinsic circumstances may be considered to show testator's actual intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2120; Dec. Dig. § 822.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. WILLS (§ 820*)—LEGACIES—CHARGES UPON REALTY.**

If testator knew that his personalty was insufficient to pay legacies bequeathed, it is implied that he intended to charge the realty with such legacies; but such implication is not absolute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2121; Dec. Dig. § 820.*]

**3. WILLS (§ 822*)—LEGACIES—CHARGES UPON REALTY.**

Testator bequeathed $10,000 to each of his six children, and devised the remainder of his estate in trust, to be divided into six equal parts, to be held during the lifetime of each of his children, and to pay to them the net income therefrom, and upon their death bequeathed the principal of the trust fund to the issue of such children in such proportion as the deceased child should provide by will, and the will provided that if such child died intestate, or failed to provide for the distribution of such fund, the trustee should pay the principal to the issue of the deceased child, and if it left no issue the principal should belong to the surviving children, and the issue of any of them dying leaving issue. On the day before his death testator executed a codicil, increasing the legacies to his five then surviving children to $20,000. Testator's personal estate amounted to about $73,000, leaving a deficiency of about $30,000. The only legacy given, other than that given to testator's children, was one to a Catholic institution for masses. *Held*, that the intent of the will was that the realty should be disposed of as directed, and not charged with the legacies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2120; Dec. Dig. § 822.*]

Action by Margaret Brennan against William F. Brennan, individually and as executor of the last will and testament of William Brennan, deceased, and others, for the construction of a will. Complaint dismissed.

William Hanford (Philo P. Safford, of counsel), for plaintiff.
Wm. F. Clare, for defendants.

NEWBURGER, J. · Plaintiff, a legatee under the will of her father, William Brennan, seeks to have an unpaid balance of a legacy bequeathed to her by the will declared a charge upon the real estate of said decedent, and to have the said will so construed.

William Brennan died on the 14th day of January, 1908, leaving him surviving five daughters and one son. The testator in the year 1902 had made his last will and testament, whereby he bequeathed to each of his six children the sum of $10,000. He appointed his son William the executor. He devised the rest, residue, and remainder of his estate in trust to the City Trust Company, to divide the same into six equal parts, and to hold one of such parts for and during the lifetime of each of his said children, and to pay over to each of said children the net income arising therefrom, and upon the decease of said children leaving issue the principal of said trust fund to belong to said issue in such shares and proportions or amounts as such deceased child should provide by will; and if such child should leave no will, or fail to provide for such distribution, the trustee is directed to pay over the principal to the issue of such deceased child, and if such deceased child should leave no issue the principal of said trust fund to

belong to the surviving sisters and brother, and the issue of any who should have died leaving issue her or him surviving. On the 13th day of January, 1908, the day before he died, he executed a codicil to said will, wherein he increased the legacies to his five then surviving children from $10,000 to $20,000, and appointed William F. Clare and Thomas F. Fitzsimmons as trustees in place of the City Trust Company. The legacies thus provided under the will and codicil amounted to $100,000 to the children and $1,000 to a Catholic institution for masses. The accounts filed in the Surrogate's Court, although not judicially settled, show that the testator left $73,063.44 in personalty, leaving a deficit of about $30,000. The accounts also show that the sum of $12,636.35 has been paid on account of plaintiff's legacy.

It has been repeatedly held that where in a will general legacies are given, followed by a gift of all the rest, residue, and remainder of the real and personal property by a residuary clause, it must be regarded that the language of the will, unaided by extrinsic circumstances, is insufficient to charge the legacies upon the real estate included in the residuary estate. Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717, and cases there cited. In the absence of express directions, the intent of the testator may be considered, and extrinsic circumstances which help to disclose the actual intention may be considered. See McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480. It is also well settled that, if the testator had knowledge that his personalty was insufficient to pay the legacies, the law implies an intent that the realty shall be charged; but this presumption is not absolute. See McGoldrick v. Bodken, 140 App. Div. 196, 125 N. Y. Supp. 101.

In this case the testator makes a clear distinction between his personal and real estate. The personal property goes to the executor, his son, while the real estate is given to the trustees, and the son is not one of them. The power of sale is in the trustees, and not in the executor. The residuary is for the benefit of the plaintiff, her sisters, and brother. No person other than those who were the natural objects of his bounty were considered by the testator. I am therefore of the opinion that the scheme of the will in all its provisions discloses an intent that the real estate shall be disposed of as directed, and ought not to be charged with the legacies.

The complaint must therefore be dismissed on the merits. Submit findings and decree.