In the Matter of the Estate of MARY STEENBERG DAY, Deceased.

Surrogate's Court, Oneida County, March 8, 1934.

David B. Lisle, for the executor.

Michael Yust, for Herbert S. Day.

Johnson D. McMahon, for Fred H. Mitchell.

EVANS, S. This is an intermediate accounting by the executor that requires the construction of certain portions of the last will and testament of the above-named testatrix.

She died on the 21st day of January, 1931, at the age of eighty-two years. She was survived by her husband, Herbert L. Day, who was about eighty-six years of age, and he died intestate a few months later on October 30, 1931. They left no children of this marriage. The will of Mrs. Day provided numerous general and specific legacies. At the time of the execution of her will, January 27, 1916, she possessed sufficient property to pay in full all debts and legacies, but at the time of her death the value of her property had become so depleted that it now becomes necessary to determine the rights of the legatees.

The testatrix owned a mortgage on the house where she and her husband lived in Utica on which there was due as principal $1,200. Her husband was given a life use of this mortgage and after his death she directed that it become part of her residuary estate. The amount due on the mortgage is practically all the estate that is now available for distribution. The outstanding obligations that are unpaid appear to be administration and funeral expenses. The persons named as residuary legatees claim ownership of the mortgage and furniture to the exclusion of the general legatees by virtue of a specific legacy. Mention of the furniture and mortgage in the residuary clause of the will appears to have been necessary for the reason that this property was subject to the life use of the husband of the testatrix and could not be sooner divided with the the other residuary assets.

The property owned by the testatrix at the time of executing her will (1916) supports the inference that she expected to die possessed of property sufficient in amount to pay general legacies without resorting to the avails of the mortgage. However, this situation is presented and I can find no justification in finding that it was the intent of the testatrix to deprive her aged husband of his legacy and also the other general legatees and then favor a numerous group of nephews and nieces. The mere mention of specific articles in a residuary clause will not make the bequest specific. The intention of the testatrix expressed by the language

of the will, read as a whole, should prevail over artificial rules of construction expressed in general terms. (*Matter of Crouse*, 244 N. Y. 400.)

It follows that the gift of the mortgage and furniture are not specific legacies.

Another question is presented. While it is not new it is not common and requires on the part of a court the exercise of equitable jurisdiction. The testatrix provided several general legacies, and the first named was her husband for the sum of $500. The general rule is that where there is a deficiency to pay in full, all general legacies shall abate *pro rata*. This rule is subject to the exception that where legatees are otherwise unprovided for and sustain to the testator close ties of relationship, such as a widow or children, and who need financial support for maintenance or education, such legatees shall be preferred over strangers or remote relatives and not abate. Courts may determine the facts from the language of the will and also from extraneous evidence. (*Stewart* v. *Chambers*, 2 Sandf. Ch. 382; *Scofield* v. *Adams*, 12 Hun, 366; *Matter of Neil*, 238 N. Y. 138.)

The husband of the testatrix was an aged man and left practically no estate. All of the surrounding circumstances indicate that the husband was the natural object of her bounty and that his welfare was a primary consideration by his wife. This legacy should be paid in full.

The testatrix was the owner of two $100 Liberty bonds. These were kept by her in a sealed envelope, and upon being opened by her executor contained the following statement in her own handwriting:

" UTICA, 1108 TAYLOR AVE.

" *Sept*. 29, 1926.

" Two Hundred dollar bonds enclosed are the property of Mrs. Mary S. Day. I make them a gift to Herbert L. Day (after my death). MARY S. DAY."

The executor followed instructions and turned over to the husband the bonds. It is a contention in this proceeding that the husband acquired no legal title to the bonds and that his estate should now account for their value amounting to $200. This did not constitute a valid gift, and the bonds were assets of the estate. A gift *causa mortis* is one in anticipation of death. In the case at bar over four years elapsed between the time the paper was executed and the date of death of the testatrix. There was no gift *inter vivos*, for certain elements to constitute such a gift were lacking. There must be a complete gift with nothing left undone. There must be a delivery of the property by the donor and an acceptance by the

donee, and the gift must go into immediate absolute effect. (*Matter of Van Derzee*, 66 Misc. 403.)

No inventory of the estate was taken; consequently her husband's exemptions were not set apart for him. The $200 represented by the Liberty bonds should be credited on his cash exemption, to which should be added $100, making a total of $300. (Surr. Ct. Act, § 200, subd. 4.)

It follows that distribution should be made as follows:

*First.* Exemption to the surviving husband now represented by his administrator.

*Second.* Payment of funeral and administration expenses and debts, if any.

*Third.* Payment of the legacy of $500 to the husband now represented by his administrator.

If any assets remain payment to general legatees and lastly to residuary legatees.

Decreed accordingly.