In the Matter of the Estate of WILLIAM TRIMBEY, Deceased.

Surrogate's Court, Oneida County, July 17, 1934.

*Pratt & Fowler*, for the executors.

*Curtis F. Alliaume*, for Calvary Episcopal Church.

EVANS, S. This is a proceeding for a judicial settlement. Shrinkage in the value of the estate renders it necessary at this

time to construe certain portions of the last will and testament of the testator. The matters sought to be clarified may be grouped under three heads.

1. Are certain expenditures directed to be made under the will classified as funeral expenses?
2. Are legacies a charge upon real property?
3. Do legacies abate *pro rata?*

Funeral expenses are thus defined: "The expression 'funeral expenses' includes suitable church or other services, a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent's burial lot." (Surr. Ct. Act, § 314, subd. 3.)

Paragraph twenty of the will contains a bequest of $200 to Calvary Episcopal Church of Utica, N. Y., to be invested and the income used for the purpose of purchasing Easter lilies annually in memory of the deceased wife of the testator, Almina Singleton Trimbey.

Paragraph twenty-one of the will directs the expenditure of $250 for the purchase and erection of a monument on the burial lot in Rome Cemetery of the parents of testator's deceased wife, John and Caroline Singleton.

Paragraph twenty-nine of the will directs payment of the required amount for the perpetual care of lot No. 1558 in the name of Joseph Barker to the Utica Cemetery Association and also for perpetual care of lot No. 367 to the New Forest Hill Cemetery Association owned by Henry J. and William Trimbey.

The money required to be paid by the foregoing provisions for the most part is outside what is technically embraced within the definition of "funeral expenses" as applied to a decedent, as this pertains to burial lots of relatives, but no rights of creditors are involved.

The intent however of the testator is to be found in the last portion of paragraph twenty-nine and reads as follows: "Said sums to be paid by my executors as soon after my decease, as conveniently may be."

The will contains certain restrictions as to the time of payment of legacies in contrast to the affirmative direction to pay the other expenses mentioned at once. These expenditures, I think, should be paid in full.

The only real property owned by the estate is the store located on Hotel street, Utica, N. Y. This was the place of business of the testator, and the question is presented whether this real property is subject to the payment of legacies. It is not so provided in the will. In fact there appears in the will affirmative

evidence indicating an intent on the part of the testator to devise this property free and clear to his nephews, Valentine F. Schell and John Singleton Jamieson. They are the executors of his will and are directed to convert into cash within one year from the date of death of the testator all real and personal property with the exception of the Hotel street property.

Further, the second paragraph of the will directs the executors to pay and discharge if any all mortgages and incumbrances on the Hotel street property.

One of the rules adopted in determining whether legacies are intended to be a charge on real property in the absence of an affirmative direction is to take into consideration the amount of personal property possessed by a testator at the time the will is executed.

" The primary rule is that where the personal estate is insufficient to pay the general legacies they must abate proportionately, and that no recourse may be had to the real estate to make up the deficiency unless the will indicates an intention upon the part of the testator that the real estate should be so charged." (*McGoldrick* v. *Bodkin*, 140 App. Div. 196.)

" The courts have always considered as of almost controlling importance on the question of testator's intent the fact whether or not when he made his will his personal estate was sufficient to pay in full or in part the legacies therein expressed." (*McGoldrick* v. *Bodkin, supra.*)

In seeking to learn the intent of the testatrix, it is necessary to consider all the surrounding circumstances at the time when the will was executed and not what subsequently occurred. (*Matter of Hoffman*, 201 N. Y. 247, 255; *Morris* v. *Sickly*, 133 id. 456.)

The burden of proof to charge real estate with the payment of a legacy in the absence of language in a will to that effect is upon the legatee. (*Brill* v. *Wright*, 112 N. Y. 129.)

At the date of death of the testator, the personal estate was valued at approximately $46,000. The total legacies amount to approximately $33,000. It is apparent that the testator entertained the belief that his personal estate would be ample to pay legacies. I think that there was no intent on his part to charge real estate with the payment of legacies and I so find.

We have next to consider whether all legacies shall abate proportionally. This is the general rule but subject to an occasional exception.

Where the legacy is given for the support, maintenance or education of a near relative otherwise unprovided for, it will be preferred. (*Matter of Neil*, 238 N. Y. 138; *Stewart* v. *Chambers*, 2 Sandf. Ch. 382; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Day*, 150 Misc. 691.)

The testator was survived by a widow and a daughter of a former marriage. He had no other close relatives. To his widow, Ruth Richards Trimbey, he bequeathed $10,000. To his daughter Gertrude he bequeathed $1,000 and the proceeds of an insurance policy. He further provided a trust fund for life amounting to $30,000. The daughter is now deceased and until her death she received the income from the trust. Her estate, I think, should have no preference in the payment of the legacy to her for the reason that she was otherwise provided for by the trust.

The legacy of $10,000 to the widow, I think, should be paid in full.

All of the circumstances required by the last cited cases are here present. Other legacies should abate *pro rata.*

Decreed accordingly.