In the Matter of the Estate of JEREMIAH JOSEPH KENNEDY, Deceased.

Surrogate's Court, Kings County, October 8, 1934.

*Parmly, Stetson & Woodward,* for Robert H. Hammer and Gertrude McBride, as executors.

*Morrison & Lynn,* for Elizabeth G. France, as ancillary administratrix of Annie Gordon Kennedy, deceased, widow, legatee.

*Gray & Tomlin,* for the Little Sisters of the Poor, Home for the Aged, legatee.

*George E. Steinbugler,* for Annie C. Thomas, legatee.

*Charles O'Donnell,* for John J. Nolan, legatee.

WINGATE, S. General legacies cannot be determined to be a charge on residuary real estate unless an affirmative intent to that effect can be gleaned from the language of the will when read in the light of the circumstances surrounding the testator at the time of its execution. (*Lupton* v. *Lupton,* 2 Johns. Ch. 614, 623;

*Matter of Lilienthal*, 139 Misc. 225, 227.) This affirmative intent is not supplied by the obvious wish of the testator at the time the will was executed that the general legatee should receive the indicated benefit. More must be shown, namely, that the intention of the testator at that time expressly envisaged an application of his real estate for the purpose of satisfying the bequest to the pecuniary legatee. Where, as in the case at bar, the personalty of the testator was to his knowledge many times that necessary for satisfying the general bequests, it must be a most unusual case where such a charge will be decreed. In the testamentary document here presented and the circumstances surrounding the testator, the court can perceive no glimpse of an intention which would justify taking the case out of the usual rule. If, as is unquestionably the fact, the application of the rule results in hardship in many instances, the remedy is legislative and not judicial. So long as it pertains, however, no court should profess to find an affirmative intent where none exists.

Proceed accordingly.