In the Matter of the Estate of WILLIAM RICE HOCHSTER, Deceased.

Surrogate's Court, Westchester County, February 18, 1938.

*Duer, Taylor, Wright & Woods*, for Adam C. King, Albert J. Seligsberg and Central Hanover Bank and Trust Company, as executors, etc.

*Samuel Gutterman* [*Harold Pomerantz* of counsel], for Rebecca Elizabeth Hochster, objectant.

*Olvany, Eisner & Donnelly* [*John B. Creegan* of counsel], for Jeannette Hahlo, legatee.

*Frederick W. Sperling*, for Geraldine E. Blume and William R. Blume, objectants.

*Carpenter, Whit & Landau*, for Title Guarantee and Trust Company and Jeannette Hahlo, trustees.

MILLARD, S. Objections to this account were filed by Rebecca Elizabeth Hochster, widow of decedent, by the Title Guarantee and Trust Company, as trustee, and by Geraldine E. Blume and William R. Blume, legatees under his will. Upon the trial, the objections filed by the widow and by the trustee were withdrawn by stipulation upon the record.

The objectants Blume, in substance, contend (1) that, in distributing the assets of this estate, the *corpus* of the trusts created for the benefit of Jeannette Hahlo should be invaded to the extent of fifty per cent thereof to provide for one-half of the widow's elective share, and that fifty per cent of the remaining assets of the estate should be used for the same purpose, leaving one-half of such

remaining assets available to set up the trusts created by paragraphs "fifth" and "sixth" of the will; and (2) that by reason of the close relationship of the objectants to the decedent, their dependence upon him for support, and his desire to provide for their maintenance, their legacies should be preferred.

In his will the decedent bequeathed the sum of $250 to his widow, from whom he was estranged for many years prior to his death. She has elected to take her distributive share of his estate, pursuant to section 18 of the Decedent Estate Law. Since there are no children, the widow is entitled to take one-half of the net estate.

It appearing that the estate left by the testator is insufficient to carry out all the testamentary provisions of his will, the question is which of the legacies must abate and what proportion of abatement is necessary to provide for the widow's distributive share of the estate. The court is, therefore, called upon to decide between two conflicting interests, and must look to the intent of the testator, as gathered from his will, for a solution of the problem.

In paragraph "third" of his will testator gave Jeannette Hahlo the sum of $10,000 in cash and his automobiles.

In paragraph "fourth" of his will he bequeathed to his trustees his residence, together with all household furnishings contained therein, with a direction to sell the contents of the residence and to hold the proceeds in trust, paying over to Jeannette Hahlo the annual income therefrom during her lifetime, with remainder, on her death, to his niece and nephew, Geraldine E. Blume and William R. Blume (these objectants). He further provided that Jeannette Hahlo might reside upon and occupy said real property so long as she desired to do so during the term of her life, but that in the event that she notified the trustees to the contrary, said real property should be sold and the proceeds held in trust for her benefit during her life, with remainder over to his niece and nephew.

In paragraphs "fifth" and "sixth" of his will testator set up trusts in the sum of $25,000 each for the benefit of his niece and nephew, and in paragraph "seventh" of his will he set up a trust of his residuary estate for the benefit of Jeannette Hahlo for her life, with remainder over to his niece and nephew; and in paragraph "thirteenth" of his will he provided for the revocation of any legacy or devise in the event of a contest by any beneficiary or next of kin.

I hold that the gift of the residence and household furnishings under paragraph "fourth" of the will is a specific legacy. The *corpus* of the fund to be held in trust is identified as specific property, distinguishable from all other property of the decedent. (*Crawford v. McCarthy,* 159 N. Y. 514; *Matter of Smallman,* 138 Misc. 889;

*Matter of Armstrong*, 160 id. 806.) In the absence of a contrary intention expressed or implied in the will, recourse may not be had to real property or an interest therein until the personal estate is exhausted. (*Matter of Trimbey*, 152 Misc. 344; *Matter of Surpless*, 143 id. 48.) The general rule as to abatement is well settled. (*Matter of Smallman, supra.*)

In any given case, however, the intention of the testator can overcome and supersede these rules of thumb. Can the intention of this testator be ascertained with reasonable certainty from his entire will? The answer, I think, may be found in the concern which he seems to have had for the welfare of Jeannette Hahlo during her life. This fact is significant because it assists the court in arriving at the intention of the testator at the time his will was executed.

It appears from the evidence that Jeannette Hahlo continuously resided at the home of the decedent for some years prior to his decease, and she is termed by him in his will as his " friend." His direction as to her use of his residence during her life, if she so chose, is very compelling evidence of his desire to prefer her over all others. So far as it appears decedent was under no legal obligation to support his niece or nephew, both of whom are adults. He did, however, contribute to their support and maintenance during his lifetime. They are, for the most part, remaindermen under the terms of his will. His first and primary purpose was to provide for the support and maintenance of Jeannette Hahlo during her lifetime, and, secondarily, to give the remainder of his estate, on her death, to his blood relatives, these objectants.

*Matter of Neil* (117 Misc. 498; affd., 238 N. Y. 138) is not controlling in support of the contention of the objectants. Blood relationship alone is insufficient to overcome testator's obvious intention. All things being equal, blood relatives are preferred over strangers. Jeannette Hahlo, however, cannot be said to be a stranger, within the meaning of *Matter of Neil (supra)*. The beneficial enjoyment of the objectants is merely postponed to the life use of Jeannette Hahlo. Testator's express intention must be carried out. The court is without power or authority to rewrite his will. (*Matter of Devine*, 147 Misc. 273.) In *Matter of Curley* (160 Misc. 844), relied on by objectants, it does not appear that a specific legacy was involved. The facts are distinguishable from the case at bar.

Objections are dismissed. Settle decree.