SECOND DEPARTMENT, DECEMBER, 1939.
(December 4, 1939.)

In the Matter of the Application of FIRST NATIONAL BANK & TRUST COMPANY OF PORT CHESTER, NEW YORK, for a Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of ELIZABETH RYAN, Deceased.

WILLIAM G. REARDON, Individually and as Testamentary Trustee for ELIZABETH ANN REARDON, an Infant, etc., MARY E. DALY, MARGARET H. DALY, WILLIAM R. BURNES, MARIE A. DEVANNY, ADELE RHEINFRANK, IRENE S. BURNES KUNTZ, ALMA S. BURNES, JOHN H. BURNES and EDWARD F. BURNES, Appellants; FIRST NATIONAL BANK & TRUST COMPANY OF PORT CHESTER, NEW YORK, as Sole Remaining Executor, etc., of ELIZABETH RYAN, Deceased, and AGNES DAVERIN, THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK and WOLFANGO E. CRIBARI, as Special Guardian for WILLIAM RYAN and EDWARD BURNES DEVANNY, Infants, etc., Respondents.

As to taxes, the testatrix made an explicit direction that they be paid out of the residue and in addition provided, as to the residuary estate, that only so much thereof go to the residuary legatee as is in excess of that required to pay " transfer and inheritance taxes which may be imposed upon any legacy, devise or gift herein made * * *." A similar provision as to the residuary estate exists with respect to " the bequests, devises and other gifts or provisions for the benefit of others hereinafter provided, * * *." The will also expressly states the testatrix's wish that " all of the legacies herein bequeathed and devises herein

made by me shall be paid or made in full  *  *  *." In the light of this clear language, rules formulated for the purpose of facilitating the search for the intent of a decedent are inapplicable.

Lazansky, P. J., Hagarty and Johnston, JJ., concur; Taylor, J., dissents and votes for affirmance, with opinion; Close, J., concurs with Taylor, J.

TAYLOR, J. (dissenting). Neither the general legacies, which aggregate $83,000, nor the estate taxes thereon are by the will charged expressly upon the testatrix's real estate; nor do the implications of the instrument in the light of the stipulated facts warrant judicial declaration of such a charge upon that portion of her real estate passing by the residuary clause of her will to her sister, Agnes Daverin, her closest blood relation, with whom she was on terms of affection. (*Matter of Mould*, 117 Misc. 1, 8; affd., 204 App. Div. 889; affd., 236 N. Y. 582; *Scott* v. *Stebbins*, 91 id. 605, 612, 613; *Matter of Hall*, 144 Misc. 264, 266; *Matter of Brewster*, Id. 888, 891.) For the same reason the estate taxes upon those legacies, directed to be paid from the residuary estate, are not a charge upon the real estate included in that residuum so devised.

The will was executed on June 3, 1926. Its proper construction as to the source of payment of legacies and whether they are a charge upon that real estate is to be determined by the answer to the question: What did she then intend? (*Morris* v. *Sickly*, 133 N. Y. 456, 459, 460.) That intention, when ascertained, cannot be changed by subsequently occurring events. (Ibid.) The burden of showing that the legacies and the taxes thereon were a charge upon the real estate in the residuum is upon the legatees (*Brill* v. *Wright*, 112 N. Y. 129, 136; *Matter of Trimbey*, 152 Misc. 344, 346; *Matter of Dooley*, 153 id. 533, 535); and has not been sustained. The fact that the testatrix, when she executed her will, was possessed of personal property of a value in excess of $166,000, or more than sufficient to discharge the legacies ($83,000), and the prospective taxes thereon, is potent to prevent a charge for the payment thereof upon the real estate passing to her sister under the residuary clause. (*McGoldrick* v. *Bodkin*, 140 App. Div. 196, 198–200; *vide Briggs* v. *Carroll*, 117 N. Y. 288, 292; *Matter of Lummis*, 101 Misc. 258, 270; *Matter of Brewster, supra; Matter of Kennedy*, 158 Misc. 617, 618; *Onondaga County Savings Bank* v. *Weeks*, 160 id. 833, 835.) The wording of the residuary clause does not indicate an intention to charge the general legacies upon realty. (*Hindman* v. *Haurand*, 2 App. Div. 146, 151; affd. on opinion below, 159 N. Y. 546.) In the last case cited it was held that the use of the phrase " After the bequests and provisions above mentioned " in the residuary clause, did not charge the payment of legacies upon the real estate. The same phrase, to all intents and purposes, appears in the will of this testatrix.

I dissent and vote to affirm the decree appealed from.

Close, J., concurs with Taylor, J.