In the Matter of the Estate of JULIA SCHERMERHORN, Deceased. SIMON J. SCHERMERHORN, JR., as Administrator C.T.A. of Estate of JULIA SCHERMERHORN, Deceased, Appellant. COBBLESTONE REFORMED CHURCH, Respondent.— Appeal from that part of a decree of the Surrogate's Court of Schenectady County, entered January 22, 1971, which decreed that certain real property, described therein as the remaining farm land, pass to respondent as residuary legatee and devisee. Testatrix died seized of a tract of land in the town of Rotterdam, Schenectady County, originally acquired by her in one 1918 deed and, from which, portions were sold off and some of the property repurchased. Included was a plot, never separately described in the chain of title, with about 150 feet frontage on Campbell Road, to the rear of which frontage there was a depth of about 200 feet at the deepest point. Decedent lived in a house on this plot for many years. Also included was a parcel said to contain about 33 acres to the rear of said front plot and joining it for a distance of 50.4 feet at the northwesterly corner thereof. There was testimony that there was no fence or encumbrance of any nature separating the two. The larger parcel, on which was a house and barn, had been rented for years, without written lease, for farming purposes and it was assessed separately from the plot on which testatrix dwelt. The will in part provided: " SECOND. I give, devise and bequeath to my grandson, SIMON JOHN SCHERMERHORN, all my General Electric Company stock, all my Mohawk National Bank stock,

all my General Motors stock and also my residence and its contents on Campbell Road, in the Town of Rotterdam, County of Schenectady and State of New York, except that I give, devise and bequeath the Inlaid Hepplewhite Mahogany table in my dining room to FRANCES W. SEVITS, who has been very kind to me over the past five (5) years." After various specific legacies, the residuary was devised and bequeathed to the Cobblestone Reformed Church, which testatrix had attended for many years. In ascertaining Mrs. Schermerhorn's intention in devising her "residence", a reading of the document as a whole (*Matter of Thall*, 18 N Y 2d 186, 192) reveals the number and particularity with which specific bequests were made and the unlikelihood, in following this pattern, that she would have disposed of over one quarter of her gross estate without specific devise. The testimony was to the effect that she had stated that the land would be kept in the family on her death and go to the grandson Simon. Although blood relationship alone is insufficient to overcome the obvious intention of a testator (*Matter of Hochster*, 166 Misc. 621, 624, affd. 256 App. Div. 844), of two doubtful interpretations, that favoring his blood, rather than strangers, will be adopted (*Matter of Rooker*, 248 N. Y. 361, 364). The terms "residence", "farm" and the like may include adjoining areas (e.g., *Matter of Frank*, 152 Misc. 767; *Matter of De Forest*, 147 Misc. 82, 88; *Pruyn* v. *Sears*, 96 Misc. 200, 206; *Matter of Nelson*, 140 N. Y. S. 2d 619; *Jackson* v. *Moyer*, 13 Johns. 531), even though separately assessed (*Matter of Van Zandt*, 231 App. Div. 381, 385). For these reasons, it is held that it was the intention of testatrix to include the farm land parcel within the term "residence" and, even under this determination, respondent will receive two lots under the residuary clause (cf. *Floyd* v. *Carow*, 88 N. Y. 560, 568). Decree modified, on the law and the facts, without costs, by striking therefrom the decretal paragraph regarding the land surrounding decedent's residence and the remaining farm land, and matter remitted to the Surrogate's Court of Schenectady County for further proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.